**BOWLES, Adm'r, Office of Price Administration, v. TEXAS LIQUOR CONTROL BOARD et al.**

No. 11298.

Circuit Court of Appeals, Fifth Circuit.

March 23, 1945.

Rehearing Denied May 4, 1945.

266

Fleming James, Jr., Director, Litigation Division, Office of Price Administration, of Washington, D. C., David B. Love, Regional Litigation Atty., O. P. A., of Dallas, Tex., William P. Dobbins, District Enforcement Atty., O. P. A., of San Antonia, Tex., and James O'Niell, Enforcement Atty., O. P. A., of New Orleans, La., for appellant.

Elbert Hooper, Asst. Atty. Gen. of Texas, for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

In 1943 the Texas Liquor Control Board, an instrumentality of the State of Texas, threatened to sell at public auction to the highest bidder for cash a quantity of liquor that the State had acquired by forfeiture from offenders against its laws. The Administrator of the Office of Price Administration sought to enjoin the sale on the ground that the State had not applied to the O. P. A. for a maximum price thereon as required by regulations promulgated under the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq. The injunction ultimately was denied because such sales by the State were judicial sales, and the regulations then in force expressly excluded judicial sales from the operation of the maximum price regulations.[1]

While that case was pending, the Administrator amended the regulations to provide that the maximum price regulations should apply to judicial sales of distilled spirits made by governmental bodies or agencies held pursuant to statute. In January, 1945, the Board again threatened to sell the same liquor, and other distilled spirits similarly acquired, at public auction without applying to the O. P. A. for a price thereon, and the Administrator again applied to the court below for an injunction forbidding the sale. The court denied the injunction, holding that the regulation was intended to relate to governmental agencies in the exercise of proprietary functions only, and that its provisions were not applicable to sales by a state pursuant to its proper governmental activities. The Administrator appealed.

We cannot agree that the regulation is susceptible of so narrow an interpretation. An overwhelming majority of all business transactions consummated by a state are in the exercise of its governmental functions; its proprietary dealings are relatively negligible. The paramount aim of the price control legislation was to protect the economic structure of the nation against inflation in the interests of national security and defense. Nothing in that broad policy, or in the language of the regulation, authorizes the courts to differentiate between governmental and proprietary action.

The further contention is made that Texas is not bound to yield to the regulation because the underlying act of Congress does not apply to it. This seems to be the equivalent of saying that the regulation is invalid because it is not in harmony with and does not tend to effectuate the cardinal purposes of the law.[2] Since exclusive jurisdiction to determine the legality of price regulations promulgated under the Emergency Price Control Act is vested in the Emergency Court of Appeals, the invalidity of the regulation may not be urged as a defense to this action.[3]

The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

---

[1] Bowles, Administrator, v. Texas Liquor Control Board, 5 Cir., 146 F.2d 155.

[2] Stewart v. Kahn, 11 Wall. 493, 20 L. Ed. 176; In re Chapman, 166 U.S. 661, 17 S.Ct. 677, 41 L.Ed. 1154; Bowles, Administrator, v. Seminole Rock & Sand Co., 5 Cir., 145 F.2d 482.

[3] Davies Warehouse Co. v. Bowles, 321 U.S. 144, 64 S.Ct. 474, 88 L.Ed. 635; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Bowles v. NU WAY Laundry Co., 10 Cir., 144 F.2d 741.