### SHRIER v. UNITED STATES.
### No. 9863.

Circuit Court of Appeals, Sixth Circuit.

June 4, 1945.

Milton J. Miller, of Detroit, Mich. (Sempliner, Dewey, Stanton & Honigman, of Detroit, Mich., on the brief), for appellant.

Gordon L. Eakle, of Washington, D. C. (John C. Lehr and Francis X. Norris, both of Detroit, Mich., and Tom C. Clark, Doris W. Meenehan, and A. M. Dreyer, all of Washington, D. C., on the brief), for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Harold Shrier, doing business under the name and style of A. Shrier & Sons Company, was convicted on a charge of selling agricultural commodities in excess of maximum prices established by the regulations of the Administrator of the Office of Price Administration, and appeals on the ground that the Administrator did not comply with the provisions of the Emergency Price Control Act of 1942 in establishing such maximum prices, and, therefore, the Regulation in question was of no effect. It is unnecessary to describe the pleading by which the question was raised.

According to Sections 3(e), as amended, and (f) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 903(e), it is provided:

"(e) Notwithstanding any other provision of this or any other law, no action shall be taken under this Act by the Administrator or any other person with respect to any agricultural commodity without the prior approval of the Secretary of Agriculture; except that the Administrator may take such action as may be necessary under section 202 and section 205 (sections 922 and 925 of this Appendix), to enforce compliance with any regulation, order, price schedule or other requirement with respect to an agricultural commodity which has been previously approved by the Secretary of Agriculture.

"(f) No provision of this Act or of any existing law shall be construed to authorize any action contrary to the provisions and purposes of this section."

It is agreed that the Secretary of Agriculture did not approve of the Regulation (Revised Maximum Price Regulation 271), under which the maximum prices were established; and it is urged by appellant that under the sections of the statute above quoted, the Regulation was not merely invalid but that it never became effectual and was, and is, therefore, void.

It is admitted by the Government that the Emergency Price Control Act required the Administrator to secure the approval of the Secretary of Agriculture to maximum price regulations for agricultural commodities. But it submits that subsequent to the enactment of the price control statute, the President, by Executive Order 9328, 50 U.S.C.A.Appendix § 901 note, transferred such duty of approval of maximum prices on the part of the Secretary of Agriculture to the Food Administrator. Section 1 of the Order, provided: "The power, functions and duties conferred on the Secretary of Agriculture under Section 3 of the Emergency Price Control Act of 1942 * * * are hereby transferred to, and shall be exercised by the Food Administrator." It is, therefore, contended that inasmuch as the Price Administrator secured the approval of the Food Administrator to the maximum prices in question, they are valid without approval by the Secretary of Agriculture.

To this contention, appellant replies that the Executive Order was a nullity, and bases his argument on the following grounds: The Executive Order was made under the purported authority of the First War Powers Act, 50 U.S.C.A.Appendix, §§ 601–622; that this Act antedated the Emergency Price Control Act; and that Congress obviously had this prior Act in mind when it enacted the price control statute in which it provided that no action could be taken *by the Price Administrator or any other person* with regard to agricultural commodities without securing the approval of the Secretary of Agriculture.

Section 201(b) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 921 (b), provides that "notwithstanding any provision of this or any other law, no powers or functions conferred by law upon the Secretary of Agriculture shall be transferred to the Office of Price Administration or to the Administrator." The Government argues that, in spite of the prohibition contained in Section 3(e) of the Price Control Act that no action fixing maximum prices for agricultural commodities should be taken by the Price Administrator or any other person without the approval of the Secretary of Agriculture, the subsequent provision of that statute, above quoted, contains a clear implication that while the President may not transfer the above mentioned functions of the Secretary of Agriculture to the Office of Price Administration or to the Administrator, he may

transfer them to some other officer or agency. Moreover, it is said, that if there be any doubt about the construction to be given these provisions, Congress ratified the transfer of the functions of the Secretary of Agriculture to the War Food Administrator (formerly designated the Food Administrator), when it appropriated $25,000,-000 "for expenses necessary to enable the War Food Administration to perform its functions, including those prescribed by Executive Orders 9280, 9322, 9328, and 9334." Department of Agriculture Appropriation Act, 1944, approved July 12, 1943. 57 Stat. 392, at page 415.

Because of the foregoing, it is submitted that, by making the appropriation to enable the War Food Administration to carry out the Executive Order, here in question, Congress confirmed the President's construction of the First War Powers Act as giving him the power to make the transfer, and ratified and approved his action.

All of these questions are of much interest and importance, but, as we view the matter, it is unnecessary to resolve them, as they do not determine this controversy. They are here outlined for their bearing upon the decisive phase of the case, to which we now come.

In Section 204(d) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 924(d), it is provided:

"The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2, of any price schedule effective in accordance with the provisions of section 206, and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision."

Under the above section of the statute, Congress clearly withheld jurisdiction from all courts, except the Emergency Court of Appeals and the Supreme Court, to deter-

mine the validity of a price control regulation issued by the Administrator. In Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 678, 88 L.Ed. 834, cited by appellant, the court left undetermined the question whether "one charged with criminal violation of a duly promulgated price regulation may defend on the ground that the regulation is unconstitutional on its face." However, in any event, the regulation before us is not unconstitutional on its face, for there is nothing on the face of the regulation to indicate that the Secretary of Agriculture has not approved it, and there is no requirement that it appear on the face of the regulation that such approval has been had. Appellant's claim amounts to no more than that the regulation is invalid. See Rosensweig v. United States, 9 Cir., 144 F.2d 30. This is the kind of question that is confided to the exclusive jurisdiction of the Emergency Court of Appeals. See Davies Warehouse Co. v. Bowles, 321 U.S. 144, 64 S.Ct. 474, 88 L. Ed. 635; United States v. Pepper Bros., 3 Cir., 142 F.2d 340. The district court, therefore, properly held that it had no jurisdiction to determine the validity of the Regulation.

The judgment of the district court is affirmed.