**REEVES v. BOWLES, Adm'r, OPA, and three other cases.**

**Nos. 8937, 8940–8942.**

United States Court of Appeals District of Columbia.

Argued May 14, 1945.

Decided July 9, 1945.

Messrs. Walter M. Bastian and A. K. Shipe, both of Washington, D. C., on the brief for appellant in No. 8937.

Mr. John J. Wilson, of Washington, D. C., with whom Mr. Ringgold Hart, of Washington, D. C., was on the brief for appellant in No. 8940.

Mr. James Shenos, of Washington, D. C., for appellant in No. 8941.

Mr. Leo A. Rover, of Washington, D. C., for appellant in No. 8942.

Mr. Abraham Glasser, Special Appellate Attorney, Office of Price Administration, of Washington, D. C., with whom Messrs. Fleming James, Jr., Director, Litigation Division, O.P.A., and Albert M. Dreyer, Attorney, O.P.A., both of Washington, D. C., were on the brief, for appellee. Mr. David F. Cavers, Assistant General Counsel, O.P.A., of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

Appellants own taxicabs which they rent to drivers to carry passengers in the District of Columbia. The Office of Price Administration has put maximum prices on these rentals and seeks treble damages and an injunction for the violation of that Regulation. The court below has overruled motions to dismiss the complaints and special appeals have been allowed from that ruling.

Appellants contend (1) that they are not covered by the Office of Price Administration Regulation, and (2) that if the Regulation is interpreted to cover their rental charges it is contrary to the Act.

The first point has no merit. Maximum Price Regulation 165, § 101(c) (4), clearly includes charges for the rental of all automobiles.[1]

As to the second point, appellants argue that they are common carriers under the jurisdiction of the Public Utilities Com-

[1] Maximum Price Regulation 165, 7 Fed. Reg. 6428 (1943), regulates the charges made for various services. Section (c) enumerates the services covered, including in subdivision (4) the maintenance, painting, rental, repair, etc. of automotive vehicles. On August 1, 1944, Maximum Price Regulation No. 165 was changed to Revised Maximum Price Regulation No. 165, 9 Fed. Reg. 7439, but did not alter the coverage of the subsection we are concerned with.

mission of the District of Columbia[2] and, therefore, not subject to regulation by the Office of Price Administration.[3] The Office of Price Administration has two answers to that contention: (1) Appellants are not common carriers because they perform no transportation service for hire,[4] and (2) that if they be considered as common carriers their rental charges are not actually regulated by the Public Utilities Commission.[5] Both of these arguments make a very substantial and persuasive case in support of the validity of the Regulation. We, therefore, have no jurisdiction to declare it invalid. The power to consider that issue has been transferred by the Act to the United States Emergency Court of Appeals.[6]

■ It is true that in Yakus v. United States,[7] the Supreme Court intimated that where a Regulation was invalid on its face a District Court might decline to enforce it. But this exception can only include Regulations which are invalid beyond a substantial doubt. Any other interpretation of the power conferred on the Emergency Court of Appeals would make its jurisdiction to construe the Act and Regulations concurrent with the District Court.[8] The Emergency Court of Appeals was set up to obtain uniformity of construction. That purpose would be defeated if the District Courts were permitted to pass on substantial questions of invalidity.

Affirmed.

[2] D. C. Code 1940, § 43—301. There has been no decision by the Commission or any court declaring appellants to be common carriers within the Public Utilities Act. Even if the Commission has jurisdiction, a question not now before the court, the record shows that the charges made by appellants are not presently regulated by the local agency.

[3] Emergency Price Control Act, 50 U.S.C.A.Appendix, § 942 (c): "Nothing in this Act shall be construed to authorize the regulation of * * * (2) Rates charged by any common carrier or other public utility."

[4] Citing Ellis v. Interstate Commerce Commission, 1915, 237 U.S. 434, 35 S.Ct. 645, 59 L.Ed. 1036; General American Tank Car Corp. v. El Dorado Terminal Co., 1940, 308 U.S. 422, 428, 60 S.Ct. 325, 84 L.Ed. 361.

[5] Citing Davies Warehouse Co. v. Bowles, 1944, 321 U.S. 144, 64 S.Ct. 474, 88 L.Ed. 635. Max. Price Reg. No. 165, supra note 1, exempts from regulation those services excepted from regulation by Rev.Supp. Reg. No. 11, 7 Fed. Reg. 6426 (1942). On March 24, 1944, this Supplementary Regulation was amended (9 Fed. Reg. 3331) to exempt services performed "by a person appropriately classified as a public utility and subject to regulation as such, maximum rates * * * having been established * * * by a * * * municipal authority." This amendment correctly applies the standards laid down for the Administrator in the Davies case. As appellants do not rely on this exemption we do not discuss its application here.

[6] Section 204 (d) of the Act, 50 U.S.C.A.Appendix, § 924(d), supra, note 3.

[7] 1944, 321 U.S. 414, 446, 447, 64 S.Ct. 660, 88 L.Ed. 834.

[8] Shrier v. United States, 6 Cir., 149 F. 2d 606.