BOWLES, Price Administrator, v.
CAROTHERS et al.

CAROTHERS et al. v. BOWLES,
Price Administrator.

No. 11293.

Circuit Court of Appeals, Fifth Circuit.
Dec. 13, 1945.

Rehearing Denied Jan. 10, 1946.

Fleming James, Jr., Dr., Litigation Division, O.P.A., David London, Chief, Appellate Branch, O.P.A., and Samuel Mermin,

Sp. Appellate Atty., O.P.A., all of Washington, D. C., and David B. Love, Regional Litigation Atty., O.P.A., of Dallas, Tex., for appellant and cross-appellee.

Durrell Carothers and Walter F. Brown, both of Houston, Tex., for appellees and cross-appellants.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

The Price Administrator brought this suit to enjoin the defendants from violating the Emergency Price Control Act of 1942, 56 Stat. 23, as amended by the Stabilization Extension Act of 1944, 58 Stat. 632–640, 50 U.S.C.A.Appendix. § 901 et seq.

The facts are undisputed: Defendants as co-partners operated one automobile parking lot in Dallas, Texas, and defendant D. M. Carothers individually operated eighteen such lots in Houston, Texas. Under their method of operation, referred to as the "park and lock" plan, the customer drives his car upon the lot, parks and locks it, and retains the key; the car remains parked until the customer reclaims it, at which time he pays defendants' cashier, or, in the absence of the cashier, deposits the correct amount in an envelope provided for the purpose and drops the envelope in a locked receptacle. There is neither a car attendant nor a watchman on duty.

The bill of complaint alleged, and it was admitted at the trial, that defendants were charging prices in excess of the maximum price fixed by the Administrator under Maximum Price Regulation No. 165 for the service rendered at the Dallas lot; that protest proceedings filed by the partnership under Section 204 of the Emergency Price Control Act were pending; that defendant Carothers was abiding by the maximum price fixed for the service rendered at ten of the Houston lots, but intended to file a protest under Section 203 of the Act to challenge the price established by the Administrator as the maximum; and that Carothers, in violation of Section 102(c) of the regulation, had failed to report the prices being charged at the other eight lots in Houston.

Defendants pleaded that they were not selling a service or commodity; that as applied to their operations the regulation was invalid as being unauthorized by the Act; and that since they were pursuing and would pursue their remedies under Sections 203 and 204 of the Act, they were entitled to urge the invalidity of the regulation as a defense.

The court below denied injunctive relief with respect to the parking lot in Dallas and the ten lots in Houston; but granted injunctive relief to the extent of ordering the defendant Carothers to file with the Administrator a schedule of prices. Judgment was entered accordingly.[1]

Appealing from that portion of the judgment adverse to him, the Administrator urges that the court below erred (1) in denying the relief prayed for;[2] (2) in deny-

---

[1] After entry of the judgment in this case the Emergency Court of Appeals sustained ·the validity of the regulation as applied to defendant's Dallas operations. Carothers v. Bowles, Em.App., 148 F.2d 554. On June 11, 1945, the Supreme Court denied ·certiorari. · 65 S.Ct. 1556.

[2] In the first amended complaint the Price Administrator prayed for relief as follows:

"1. For a permanent injunction restraining the Defendants D. M. Carothers, Spencer J. Scott, Lee Price and Morin M. Scott, Attorney in Fact for Spencer J. Scott, their employees and representatives from demanding, receiving or using a rate for the service of parking automotive vehicles in the lot at 1014 Main Street in Dallas, Texas, or any other parking lots now or hereafter operated by them, in excess of the maximum rates provided for and established under said Maximum Price Regulation No. 165, as amended; and further restraining said Defendants from vio-

lating said Maximum Price Regulation in any other respect.

"2. For a permanent injunction against the Defendant D. M. Carothers, individually restraining him from charging, demanding and receiving rates for parking service at any establishments now operated or that may hereafter be operated by him in excess of the Maximum Legal rates provided by Maximum Price Regulation No. 165.

"3. For a further permanent and mandatory injunction against the Defendant D. M. Carothers, individually requiring him to immediately and forthwith compute his maximum prices for the 'lock and park' service now offered by him, under the provisions of Section 1499.102(c) of said Regulation; and to file said computation on the form provided therefor with the Houston District office of the Office of Price Administration for proper review and examination by said office and that he be further required by order of this court to forthwith comply with said Section of

ing the injunction prayed for because of the pendency of proceedings challenging the validity of the order fixing rates for the defendants' parking lot in Dallas, and because of defendant Carothers' intention to institute similar proceedings challenging the validity of the order fixing rates for the ten parking lots in Houston; and (3) in failing to hold that the defendants were legally bound to comply with the Maximum Price Regulation and all orders issued thereunder until the same had been set aside pursuant to the provisions of the Emergency Price Control Act of 1942.

By cross-appeal defendant Carothers urges that the court below erred in directing him to file with the Harris County War Price and Rationing Board his schedule of prices on the premises located in Houston, Texas, upon which no schedule of prices had been filed; and all of the defendants urge that the court below erred in taxing them with one half of the costs.

Entertaining doubts that the business of defendants was within the scope of the Emergency Price Control Act, and that the Price Administrator had authority to fix rates for the parking lot in Dallas or for the ten parking lots in Houston, and finding that proceedings were pending challenging the validity of the order fixing rates for the Dallas lot, and that defendant Carothers intended to institute similar proceedings challenging the order fixing rates for the ten parking lots in Houston, the court below refused to issue an injunction, being of the opinion that the validity of the orders would be determined in those proceedings. In this holding, we do not concur.

■ Whether the business conducted by the defendants came within the scope of the Emergency Price Control Act, and whether such business was subject to regulation by the Price Administrator under that Act, are questions which have to do with the validity of the Administrator's or-

der. The only court having original jurisdiction to hear and determine such issues is the Emergency Court of Appeals.[3] The Emergency Court of Appeals, said the Fourth Circuit in Bowles v. American Brewery, Inc., 4 Cir., 146 F.2d 842, 844, "is given exclusive jurisdiction over questions as to the validity of price regulations, whether such validity be tested by constitutional requirement, by the grant of power in the statute under which they were adopted or by modifications made in that grant of power"; and this court in Bowles v. Lake Lucerne Plaza, 5 Cir., 148 F.2d 967, 970, where a rent regulation was involved, said: "neither this court nor the court below has jurisdiction to consider the validity, the inconsistency, or the arbitrariness of administrative orders. Appellee's remedy was in the Emergency Court. Neither this court nor the court below can set aside or modify the orders of the Rent Director or the orders of the Administrator. We can only construe and enforce them."

■ A court in the exercise of sound judicial discretion may refuse to issue an injunction restraining the violation of an administrative order establishing maximum prices and rents, but it is error if the court so rules solely because it considers the order or regulation to be invalid. Bowles v. Nu-Way Laundry Co., 10 Cir., 144 F.2d 741, 746; Bowles v. Meyers, 4 Cir., 149 F.2d 440.

■ ■ To deny injunctive relief because of the pendency of a protest, or of protest and review proceedings, under Sections 203 and 204 of the Act is equally untenable. The Emergency Price Control Act, in providing for protest and review of maximum price and rent regulations, conclusively shows a manifest policy of Congress that such regulations should be complied with during the time their validity is being tested. Section 204(c) denies to the Emergency Court of Appeals the power to issue a temporary restraining order or in-

---

said Regulations as to all other establishments at which said service may be offered which may or shall be acquired by him in the future.

"4. That the Defendant, D. M. Carothers, individually be permanently enjoined from violating Maximum Price Regulation No. 165 in any and all respects.

"5. For costs of suit and for general relief."

[3] See Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Bowles v. Seminole Rock & Sand Co., 65 S.Ct. 1215; Bowles v. Texas Liquor Control Board, 5 Cir., 148 F.2d 265; Cullen v. Bowles, 2 Cir., 148 F.2d 621; United States v. Pepper Bros., 3 Cir., 142 F.2d 340; Bowles v. Meyers, 4 Cir., 149 F.2d 440; Shrier v. United States, 6 Cir., 149 F.2d 606, cert. denied 66 S.Ct. 34; Bowles v. Sharp, 8 Cir., 149 F. 2d 148; Rosenweig v. United States, 9 Cir., 144 F.2d 30.

terlocutory injunction staying or restraining in whole or in part any order or regulation establishing maximum prices or rents. Section 204(b) defers the effectiveness of any judgment of the Emergency Court of Appeals invalidating such an order or regulation for a period of thirty days from the entry thereof, and, if certiorari is applied for, until the final disposition of the cause by the Supreme Court. Finally and most significantly, Section 204 (e) (2) requires the court in which proceedings are brought to enjoin the violation of any such order, as a condition to granting a stay of proceedings, to issue an order temporarily restraining the defendant from violating any provisions of the order or regulation while the validity thereof is being litigated in the Emergency Court of Appeals. The reason for such policy is explained by the Supreme Court in Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834.

There is a motion to dismiss the appeal of the Price Administrator as against those appellees composing the copartnership Allright Parking System, Ltd., on the ground that the issues have become moot since the only parking lot it operated was the one located in Dallas, on which the lease had terminated and which is now operated by other parties in no wise connected with the defendants.

Under Section 205(a), whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of Section 4 of the Act, he may make application for an order enjoining such acts or practices; upon a showing that such person has engaged or is about to engage in any such acts or practices, an injunction, restraining order, or other order shall be granted without bond. The Administrator alleged and proved (1) that the partnership was charging rates at the parking lot located in Dallas in excess of the rates fixed by him; (2) that while the rates fixed by him for the ten Houston lots were being temporarily complied with, it was not an earnest or willing compliance, since Carothers intended to appeal to the Emergency Court for relief therefrom; and (3) that the other lots in Houston were being operated without there being filed with the Houston District Office for review the

schedule of prices charged for parking space.

We think this showing justified the Price Administrator in concluding that defendants and cross-appellants were not only engaged in violating his orders, but were of one mind in their intent to continue such violation. The past violations of defendants of the Price Administrator's orders fixing maximum parking rates established under Maximum Price Regulation No. 165, and the attitude of defendants with respect thereto, furnished justification for anticipating that defendants would continue to operate parking lots, charging prices in excess of the maximum rates so established. Cf. N. L. R. B. v. Express Publishing Co., 312 U.S. 426, 61 S. Ct. 693, 85 L.Ed. 930; United States v. Trans-Missouri Freight Association, 166 U. S. 290, 309, 17 S.Ct. 540, 41 L.Ed. 1007; United States v. Bates Valve Bag Corp., D. C., 39 F.2d 162. We agree with the Price Administrator that it is the conduct of the defendants, and not the locale of their conduct, which is important. The court below erred in denying in part the injunctive relief prayed for by the Price Administrator.

The mandatory injunction against the defendant D. M. Carothers, cross-appellant here, requiring him to compute and file his prices for services offered by him was perfectly proper under the evidence in this case. It is clear that he had failed to compute and to file with the Houston District Office for review the prices charged by him at certain parking lots in Houston. This failure was clearly in violation of the provisions of Section 102(c) of the Regulation. Even at the time of the trial Carothers had failed to compute and file with the Houston District office for review the prices he was charging. Under such circumstances, the court properly issued the injunction. We find no merit in the cross-appeal therefrom.

In view of our disposition of the case, it becomes unnecessary to consider the propriety of assessing one half of the costs against defendants.

The judgment of the court below to the extent that it granted injunctive relief to the Price Administrator is affirmed; to the extent that it denied him injunctive relief it is reversed, and the cause is remanded for proceedings not inconsistent with the views herein expressed.