### PORTER v. EASTERN SUGAR ASSOCIATES.

No. 5495.

Circuit Court of Appeals, Fourth Circuit.
Jan. 6, 1947.

300

Albert J. Rosenthal, Sp. Appellate Atty., and Samuel Mermin, Sol. Litigation Division, OPA, both of Washington, D. C. (George Moncharsh, Deputy Adm'r for Enforcement, and David London, Director, Litigation Division, both of Washington, D. C., Kenneth V. Fisher, Regional Litigation Atty., of New York City, and Hugo A. Riccuti, Dist. Enforcement Atty., OPA, of Baltimore, Md., on the brief), for appellant.

Harry N. Baetjer and Edward H. Burke, both of Baltimore, Md., for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This action was brought by the Price Administrator against Eastern Sugar Associates for an injunction and for triple damages in the sum of $857,487.60, based on violations of ceiling prices for storage and other services rendered by the Sugar Company to the Coca-Cola Company during the three years ending October 15, 1946. The District Judge rendered judgment for the Sugar Company, and the Price Administrator has appealed.

The transactions between the two corporations were covered by two contracts under date of September 23, 1943, one of which provided for the sale of 50,000 tons of Puerto Rican raw cane sugar, and the other for services connected with its storage, substitution and protection. At that time there was no regulation or order of the Office of Price Administration fixing maximum prices for the services to be performed, and, therefore, the Sugar Company on September 18, 1943, took the precaution of filing an application for the approval of the prices charged, although it had been advised that the services were free from price regulation in Puerto Rico. Certain services subject to price control under General Maximum Price Regulation were to be priced under Section 1499.2 thereof in accordance with base-period experience; and Section 1499.3(d) provided in effect that when the selling prices for services could not be so established, the maximum price should be determined by the seller by applying the first applicable price method of the pricing methods stated in Section 1499.102 of Maximum Price Regulation No. 165 as amended. The first applicable method therein set out provided that in circumstances similar to those in the case at bar, the maximum price should be a price approved by the Office of Price Administration; that the seller should make an application stating the proposed maximum price and asking for its approval; and that unless the Office of Price Administration by order should disapprove the proposed price within 10 days, it should be deemed approved "subject to disapproval or adjustment at any time by the Office of Price Administration."

On September 23, 1943, within the 10-day period, the contracts were executed. On October 13, 1943, after the expiration of the 10-day period, the Director of the Territorial Office of Price Administration in Puerto Rico by order disapproved the application, but the Sugar Company continued to carry out the terms of the contracts. On September 13, 1944, the Territorial Director in Puerto Rico issued an order, on which the pending suit is based, establishing maximum prices for the services rendered for the period between October 15, 1943 and October 15, 1946, which were lower in the aggregate than those charged by the Sugar Company, in the sum of $285,829.20.

The judgment of the District Court was based in the first place on the ground that since the services were performed in

Puerto Rico, they were excluded from price regulation. As we have seen, Section 1499.3(d) of the General Maximum Price Regulation provided that the price of the services in the situation covered by the contract was to be established in accordance with Section 1499.102 of Maximum Price Regulation No. 165 as amended. When the contracts were executed, General Maximum Price Regulation was applicable to the United States, its territories and possessions, and the District of Columbia; but Maximum Price Regulation No. 165, while applicable to continental United States, the District of Columbia and Hawaii, was expressly inapplicable to other territories and possessions of the United States. The District Judge was of the opinion that this cross reference had the effect of incorporating in Section 1499.3(d) of General Maximum Price Regulation the territorial limitation contained in Maximum Price Regulation No. 165 as amended, so far as the services under consideration are concerned. He therefore held that the services were not subject to price control and that the price order of September 13, 1944, issued by the Territorial Director of Puerto Rico, had no legal basis. The Price Administrator contends on the contrary that the effect of the cross reference was to incorporate into the one regulation the price fixing method, but not the territorial limitation, contained in the other regulation.

We do not undertake to decide this issue because it obviously relates to the validity of the order of September 13, 1944, and because Section 204(d) of the statute, 50 U.S.C.A.Appendix, § 924(d), contains the following provision: "The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2 * * *, of any price schedule effective in accordance with the provisions of section 206 * * *, and of any provision of any such regulation, order or price schedule."

The point involved is not the same as that considered by us in Bowles v. American Brewery, Inc., 4 Cir., 146 F.2d 842, for in that case no selling price had been established, whereas the central matter in dispute in the pending controversy is the force and effect of a price order issued by the Office of Price Administration; and the validity of the order is attacked by the argument that the underlying regulation did not apply to services rendered by the Sugar Company in Puerto Rico. See Case v. Bowles, 327 U.S. 92, 66 S.Ct. 438; Bowles v. Texas Liquor Control Board, 5 Cir., 148 F.2d 265, 266; Cullen v. Bowles, 2 Cir., 148 F.2d 621, 624; Reeves v. Bowles, 80 U.S.App.D.C. 207, 151 F.2d 16, certiorari denied 326 U.S. 781, 66 S.Ct. 336; Conklin Pen Co. v. Bowles, Em.App., 152 F.2d 764.

It is contended that the District Court was not deprived of jurisdiction by Section 204(d) of the Act because it relates "To determine the validity of any regulation or order issued under Section 2" and because Section 2, 50 U.S.C.A.Appendix, § 902, provides that the term "Regulation or order," as used in the aforegoing provisions, means a regulation or order of general applicability and effect It is said that this definition excludes the order of September 13, 1944, since it applied to charges that the Sugar Company was permitted to make under its service contract with the Coca-Cola Company. There are, however, opposing considerations of great weight. The reasons for the exclusive jurisdictional plan which are set out in Yakus v. United States, 321 U.S. 414, 432, 433, 64 S.Ct. 660, 88 L.Ed. 834, are pertinent not only to prices fixed by broad regulations, but also to prices set out for individual sellers and landlords. It is significant that the order in question was issued under a regulation of general application which itself was issued under Section 2 of the Act. Moreover, Section 2(c) of the Act provides that any regulation or order under Section 2 may provide for such adjustments and reasonable exceptions as in the judgment of the Administrator are necessary or proper in order to effectuate the purposes of the Act. The result is that it has been uniformly held or assumed in the decisions that individual

pricing orders, as well as individual rent orders, which latter are covered by Section 2(b) of the Act, fall within the exclusive jurisdictional provision of Section 204(d); and the Emergency Court of Appeals has taken jurisdiction of protest proceedings against individual orders. See Bowles v. Carothers, 5 Cir., 152 F.2d 603, certiorari denied 66 S.Ct. 1349; Martini v. Porter, 9 Cir., 157 F.2d 35; Porter v. Senderowitz, 3 Cir., 158 F.2d 435. Individual rent orders were considered in Bowles v. Willingham, 321 U.S. 503, 509, 510, 521, 64 S.Ct. 641, 88 L.Ed. 892; Bowles v. Meyers, 4 Cir., 149 F.2d 440; Bowles v. Lake Lucerne Plaza, 5 Cir., 148 F.2d 967, certiorari denied 326 U.S. 726, 66 S.Ct. 31; Porter v. McRae, 10 Cir., 155 F.2d 213. Individual pricing orders have been considered by the Emergency Court of Appeals in protest proceedings in Gold-Form, Inc., v. Bowles, Em.App., 152 F.2d 107; Saunders Petroleum Co. v. Bowles, Em.App., 152 F.2d 112; Conklin Pen Co. v. Bowles, Em.App., 152 F.2d 764; Pacific Gas Corp. v. Bowles, Em.App., 153 F. 2d 453.

█ It is also contended that the order of September 13, 1944 is invalid on its face, and therefore the District Judge had jurisdiction to pass upon the effect of the order and was not obliged to refer it to the Emergency Court of Appeals. The Supreme Court in Yakus v. United States, 321 U.S. 414, 446, 447, 64 S.Ct. 660, 88 L. Ed. 834, noticed but did not decide the question whether in the case of a criminal violation of a price regulation the person charged may be deprived of the defense that the regulation was unconstitutional on its face. Such a question has not been decided in any case so far as we know, although it has been referred to a number of times. See Cullen v. Bowles, 2 Cir., 148 F.2d 621, 624; Shrier v. United States, 6 Cir., 149 F.2d 606, 608, certiorari denied 326 U.S. 728, 66 S.Ct. 34; Reeves v. Bowles, 151 F.2d 16, 17, certiorari denied

326 U.S. 781, 66 S.Ct. 336, 10 U.S.App. D.C. 207. It need not be decided now, for in our opinion the order was not so patently void as to be called invalid on its face. The opposing view is based on the fact that the order was issued by the Director of the Territorial Office in Puerto Rico; and it is said that he was not authorized to do so by Section 1499.3(d) of General Maximum Price Regulation and Revised General Order No. 32 under which it purports to be signed. This broad statement is incorrect, for Revised General Order No. 32, effective February 6, 1943, delegates powers of this kind to regional administrators, and Amendment 6 thereof, issued July 29, 1943, extends the authority previously granted to regional administrators to the territorial directors in Puerto Rico and other possessions of the United States.

██ It is also contended that even if the Price Administrator delegated his power in the manner described, he lacked authority to do so and hence the order of September 13 was of no effect. This argument, however, obviously goes to the validity of the order, and falls within the exclusive jurisdictional provision of the Act. The same must be said of the additional contention that the price contained in the storage and service contract of September 23, 1943 was approved by the failure of the Office of Price Administration to disapprove the application of the Sugar Company within 10 days after its submission on September 18, 1943, and consequently the Office of Price Administration had no power subsequently to issue the order of September 13, 1944 and give it retroactive effect.

The judgment of the District Court must therefore be reversed and the case remanded so that the contention that the order of September 13, 1944 was invalid may be submitted to the Emergency Court of Appeals.

Reversed and remanded.