**FLEMING, Adm'r, Office of Temporary Controls, v. GRAY.**

**GRAY v. FLEMING, Adm'r, Office of Temporary Controls.**

**No. 11084.**

Circuit Court of Appeals, Ninth Circuit.

Feb. 5, 1947.

David London, Director, Litigation Div., of Washington, D. C., Austin Clapp, Regional Enforcement Executive, William B. Wetherall, Regional Litigation Atty., and Cecil F. Poole, Chief, Briefing & Appellate Unit, all of San Francisco, Cal., OPA, Office of Temporary Controls, for appellant Fleming.

Cosgrove, Terhune & Schlosstein, of Seattle, Wash., for appellant Gray.

Before DENMAN, BONE, and ORR, Circuit Judges.

BONE, Circuit Judge.

Petitioner, Gray, was defendant in an action for treble damages brought by the Administrator of the Office of Price Administration, for sales of shingles at over-ceiling prices. The district court awarded single damages and both Gray and the Administrator appealed. Our decision in this case (No. 11,084, November 16, 1946) affirmed the judgment for the amount of overcharges and remanded the case with instructions to the district court to consider increasing the amount adjudged—this by reason of affirmatively shown willful disregard of the ruling of the Price Administrator and other misconduct.

Thereafter, and within the time allowed for a rehearing in this court, Gray presented a petition to us for leave to file a complaint in the Emergency Court of Appeals to challenge the validity of Maximum Price Regulations No. 164 and No. 165. A hearing was had upon the merits of this petition.

The statute which is controlling is section 204(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 924(e). The pertinent part of the section is as follows: " * * * and within five days after judgment in any civil or criminal proceeding, brought pursuant to section 205 of this Act or section 37 of the Criminal Code involving alleged viola-

tion of any provision of any regulation or order issued under section 2 or of any price schedule effective in accordance with the provisions of section 206, the defendant may apply to the court in which the proceeding is pending for leave to file in the Emergency Court of Appeals a complaint against the Administrator setting forth objections to the validity of any provision which the defendant is alleged to have violated * * *."

■■ We hold that the term "judgment", as it is used in section 204(e) of the Act, means the judgment of a district court from which an appeal lies. Since petitioner has not complied with the noted provisions of the statute no court has the power to now grant the relief requested.

The case of Porter v. Walter Vanlandingham, No. 9139, decided August 8, 1946 in the Seventh Circuit, is relied upon by petitioner. The facts in that case are not applicable to the instant case for there the defendant had applied to the district court *within* the five day period after judgment allowed by section 204(e) of the Act. An appeal was taken simultaneously and when later the district court granted the application the proceedings, then pending in the appellate court, were stayed pending the decision in the Emergency Court of Appeals. That is not the situation here.

The petition is denied.