## FLEMING v. DASHIEL.

### No. 11450.

Circuit Court of Appeals, Ninth Circuit.

May 9, 1947.

William E. Remy, Deputy Commissioner for Enforcement, Office of Temporary Controls, David London, Director, Litigation Div., Samuel Mermin, Solicitor, Lit. Div., and Albert J. Rosenthal, Sp. Appellate Atty., all of Washington, D. C., William B. Wetherall, Reg. Lit. Atty., Francis E. Harrington, Chief, Sugar Enforcement Br., and Cecil F. Poole, Chief, Briefing and Appellate Unit, all of San Francisco, Cal., for appellant.

John Veatch, of Portland, Or., for appellee.

Before M A T H E W S, H E A L Y and BONE, Circuit Judges.

BONE, Circuit Judge.

The Inca Metals Company manufactured cast aluminum griddles. Appellee, a former employee of Inca, claimed to have purchased from Inca its business of manufacturing and selling such griddles, together with the machinery and equipment for manufacturing them, this purchase taking place in December of 1944. He thereupon filed in the Office of Price Administration at Portland, Oregon a notice of this purchase together with a schedule of his prices for these cast griddles, and entered upon this business venture under the name and style of Aluminum Fabricators.

Since appellee had not been selling such griddles in the base period in 1942, he came either within Maximum Price Regulation 188, § 1499.158 (10 F.R. 8699) or within § 1499.5 (7 F.R. 3153). The first regulation (§ 1499.158) required him as a seller to make an application to the Office of Price Administration, which would then fix, by a specific order, a dollars and cents ceiling price for his commodity. The second (§ 1499.5) applied to transferees of a business (a status claimed by appellee) and provided that the ceiling prices of the transferee should be the same as those of his transferor. Claiming to be a transferee within the second regulation, appellee adopted the ceiling prices of Inca Metals Company, but at the demand of Office of Price Administration officials in July, 1945 he did make an application for determination of his ceiling prices (under the first regulation § 1499.158). Thereafter on September 11, 1945 the Office of Price Adminis-

tration issued an Order (M.P.R. 188 Order 4411, 10 F.R. 11,729) effective the following day, specifically naming the appellee, and fixing therein a dollar and cents price schedule of ceiling prices for his cast griddles which scheduled price was lower than Inca's ceiling price. There was no ambiguity in the order, nor any possible doubt that it was directed to appellee. He refused to comply with its terms and continued to sell at the higher (Inca's) ceiling prices, contending that he was a transferee from Inca and that Order 4411 was invalid for this reason. Thereafter this action was brought for treble damages and injunctive relief. (Since decontrol appellant has abandoned any request for injunctive relief.) The district court found that appellee was in fact a transferee of the business and held that Order 4411 was not applicable, and gave judgment for appellee. The Administrator appeals from that judgment.

Since price schedule Order 4411 was directed to appellee by name and address, there can be no doubt that it applied to him alone. The decisive question then is, can the district court set aside such an order of the Administrator because the regulation upon which the order is based is inapplicable to appellee? The court below was of the opinion that he should know what record the Administrator had before him when he issued the order, in order to determine whether the Administrator passed adversely on appellee's claim that he was a transferee. The court requested appellee to file and serve a motion under Federal Rules of Civil Procedure, rule 34, 28 U.S.C.A. following section 723c, for an order directing appellant to produce and permit the inspection and copying or photographing of the records on which appellant based his Order 4411. [1]

The situation presented a difficult question for the district judge for our decision in Martini v. Porter, 9 Cir., 157 F.2d 35, certiorari denied, Martini v. Fleming, 67 S.Ct. 1091, was to come some months later. In that case we considered whether the question of the sufficiency of the evidence before the Administrator upon which he based the individual order fixing prices at which Martini might sell certain whisky could be considered in the lower courts, and we held that such a question could only be decided by the Emergency Court of Appeals.

On the authority of this (Martini) case, the court below was without authority to inquire into the circumstances of the making of the Order. [2]

It may very well be, as appellee contends, and as the court below found, that appellee is in fact the transferee of Inca Metals Company, and in that event, Order 4411 is invalid, but if this is to be established as a fact such a determination is exclusively the province of the Emergency Court of Appeals upon a proper challenge to the validity of the Order.

The judgment of the district court is reversed. The cause is remanded with

---

[1] The record does not disclose whether appellee acted on the suggestion of the court and sought such an order. An opinion of the court sets forth that Office of Price Administration counsel insisted that a trial as to the validity of appellee's claim to transferee rights would amount to questioning the validity of Order 4411, contrary to Sec. 204(d) of the Price Control Act, 50 U.S.C.A. Appendix, § 924(d), and that Office of Price Administration counsel took the position that in making the said Order the Administrator had considered and rejected appellee's claim to transferee rights.

[2] In an analogous situation where the regulation was clearly applicable but the applicability of the Act itself was doubtful, this court held that such a determination went to the validity of the regulation and was therefore within the exclusive province of the Emergency Court of Appeals. Bowles v. Wheeler, 9 Cir., 152 F.2d 34, 38, certiorari denied 326 U.S. 775, 66 S.Ct. 265. See also Bowles v. Texas Liquor Control Board, 5 Cir., 148 F.2d 265; Bowles v. American Brewery, 4, Cir., 146 F.2d 842; Cullen v. Bowles, 2 Cir., 143 F.2d 621. It is equally clear that where an order upon its face is clearly applicable, any failure by the district court to enforce it is in legal effect the equivalent of declaring the order invalid. This the district court has no power to do. Porter v. Eastern Sugar Associates, 4 Cir., 159 F.2d 299; Martini v. Porter, supra; Porter v. Senderowitz, 3 Cir., 158 F.2d 435; Pacific Gas Corp. v. Bowles, 153 F.2d 453 (where the Emergency Court of Appeals took jurisdiction in a similar case).

instructions to make findings upon the amount of the damages and to enter judgment for the ascertained damages. [3]

[3] Upon the entry of judgment by the district court appellee may apply to that court for leave to avail himself of the provisions of § 204(e) of the Act, 50 U. S.C.A.Appendix, § 924(e), and challenge the validity of Order 4411 in the Emergency Court of Appeals. See Fleming v. Gray, 9 Cir., 159 F.2d 641.