PORTER, Administrator, Office of Price Administration v. SUNSHINE PACKING CORPORATION OF PENNSYLVANIA.

No. 9841.

United States Court of Appeals Third Circuit.

Argued May 17, 1949.

Filed April 7, 1950.

S. Y. Rossiter, Erie, Pa. (Edmond F. Maher, San Francisco, Cal., on the brief), for appellant.

W. Wendell Stanton, Pittsburgh, Pa. (Owen M. Burns, United States Attorney, Pittsburgh, Pa., on the brief), for appellee.

Before O'CONNELL and KALODNER, Circuit Judges, and LEAHY, District Judge.

LEAHY, District Judge.

The question calls for review of a judgment for damages for violation of certain regulations—General Maximum Price Regulation, Maximum Price Regulations 185, 207, 233, and 409—based on Section 205(c) and (e) of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 925 (c, e). The action was tried before a jury. A verdict was found in favor of the Administrator and against appellant in the amount of $7,194.16. In answer to specific interrogatories the jury found that although the appellant had made various overcharges such action was not wilful but that the overcharges were the result of the failure of appellant to exercise practicable precautions to comply with the ceiling prices. The District Court entered judgment on the verdict in favor of the government for double damages in the amount of the overcharges—$14,388.32.

The products which were the subject matter of the violations, the applicable regulations, and the amounts originally alleged to be due, are found in the margin.[1] The jury found there was no violation with respect to certain of the commodities, i. e., grape juice, frozen strawberries, and strawberries. The itemization of the $14,388.32 judgment against appellant reads as follows:

| Regulation | Product | Verdict | Judgment |
|---|---|---|---|
| GMPR | Crab apple juice | $2509.00 | $5018 00 |
| MPR 185 | Black Raspberry juice | 805.00 | 1610.00 |
| MPR 409 | Red Currants | 2531.66 | 5063.32 |
| MPR 185 | Strawberry juice | 1348.50 | 2697.00 |

The record before us discloses that there was no motion for a new trial filed by the defendant and no motions were filed by the government for a new trial or for judgment notwithstanding the verdict.[2] The ques-

1. In the complaint filed, the government claimed that the defendant violated applicable maximum price regulations as they relate to certain commodities which were manufactured, sold and processed by the defendant company:

| Regulation | | Product | Overcharge | Total Overcharge |
|---|---|---|---|---|
| GMPR | (7 F.R. 3153) | Crab apple juice | 2,509.00 | |
| | | Grape juice | 6,755.00 | 9,264.00 |
| MPR | 185 (7 F.R. 5772) | Strawberry juice | 1,348.50 | |
| | | Black Raspberry juice | 805.00 | 2,153.50 |
| MPR | 207 (7 F.R. 6599) | Frozen Strawberries | 114,545.45 | 114,545.45 |
| MPR | 409 (8 F.R. 8353) | Strawberries (1943 pack) | 8,910.00 | |
| | | Red Currants | 2,531.66 | 11,441.66 |
| | | Total | | $137,404.61 |

The total amount of the overcharges being $137,404.61, the government claimed a right to recover in the amount of $412,213.83, which was three times the aggregate by which the price received by the defendant exceeded the maximum prices provided by said price regulations.

2. Appellant did move for judgment as to all items notwithstanding the verdict.

See Judge Gourley's opinion disposing of the motion, D.C., 81 F.Supp. 566

tion as argued by the parties is whether judgment should be entered in favor of the appellant (defendant below) for the whole or part of the judgment rendered. The appellant assigns five reasons why its appeal should prevail: (1) that the Appropriation Acts, First Supplemental National Defense Appropriation Act of 1943, 56 Stat. 704; National War Agencies Appropriation Act of 1944, 57 Stat. 522; Second Deficiency Appropriation Act of 1944, 58 Stat. 597; and Second Deficiency Appropriation Act of 1945, 59 Stat. 412, curtailed the Administrator's capacity to bring suit under Section 205 of the Price Control Act; (2) that in calculating ceiling prices under OPA with respect to strawberry and black raspberry juice (Maximum Price Regulation 185—MPR 185) and currants (MPR 409) the OPA should have included the percentage of yield (or conversely wastage) in such calculations; (3) that as to currants, sales not made during the base period should not be included in price computation and duplication of sales should have been eliminated; (4) that the evidence did not sustain the special findings of fact as to the lack of due precaution on the part of appellant; and (5) the ceiling price on crab apple juice should have been computed under Maximum Price Regulation 233 (MPR 233) and not under General Maximum Price Regulation (GMPR).

■ 1. Appellant's argument under the first question is that the Appropriation Acts curtail the Administrator's capacity to bring suit under § 205 of the Emergency Price Control Act. Appellant contends that funds were not available to enforce the provisions of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., unless and until certain requirements had been met. Since the Act of Congress required the performance of a certain condition precedent to the bringing of an action, appellant urges that the burden is on the plaintiff to show that this condition precedent was complied with and since it failed to do so, the action must fail. The appellant urges that its attack does not bring into question the "validity" of a regulation and for that reason this court has authority to determine the issue. We agree with

the District Court that there is no merit in this contention. The real claim of appellant on this point is that the regulations in question are invalid; but questions of this nature are confided to the exclusive jurisdiction of the Emergency Court of Appeals. As stated by the District Court, neither it nor we have jurisdiction to determine the validity of the regulations on this score. Rosenweig v. U. S., 9 Cir., 144 F.2d 30, certiorari denied 323 U.S. 764, 65 S.Ct. 117, 89 L.Ed. 612; Shrier v. U. S., 6 Cir., 149 F.2d 606, certiorari denied 326 U.S. 728, 66 S.Ct. 34, 90 L.Ed. 432.

■ 2. The question here is whether the Court below was correct in holding that MPR 185 covering strawberry and black raspberry juice, and MPR 409 covering currants, were silent on the necessity of including in cost computations the factor of yield (or conversely, the wastage) in the processing of the fruits involved between the time they left the field where they were harvested and were finally sold. The Court below held such computations should not be included in the calculations fixing ceiling prices. Appellant urges that this ruling was error for two reasons: (1) the regulations did require that yield be calculated as an element of cost price for ceiling purposes and (2) even if the regulations were silent, judicial notice must be taken of the universal acceptance of the factor of yield in cost computations. Hence, it is urged, the regulations implicitly included yield as a factor in determining ceiling price. This is the crux of appellant's case for it hammers the point that "yield" or "wastage" plays an important part in arriving at the actual cost of its products; and that wastage always occurs between the time the appellant receives its food products and the time the processed products are ready for marketing. In support of this argument appellant states that OPA itself has recognized that yield and wastage may be considered in the computation of cost in the manufacturing industry. But, the regulation to which reference is made—MPR 306—admittedly is not involved in the instant case. As a general proposition, we agree that yield is always an item of cost; however, the regulations involved in the

case at bar are silent on the matter. This particular attack, on the failure of the regulations to provide that "yield" or "wastage" should be taken into account in fixing prices after the base period, goes to validity of the regulations as they existed in point of time when appellant was selling its products. As stated above, on the authorities cited, the regulations must be treated as valid until declared invalid by the special court.

3. An additional point is made as to the product currants. This involves the testimony concerning the computation of costs with reference to certain purchase contracts which were entered into prior to the commencement of the base period date of July 5, 1941. The District Court was of the view that the question presented by this evidence went to credibility,[3] and that the jury simply resolved the fact against appellant. We agree with this conclusion of the District Judge.

■ 4. The jury stated, in making special findings in all instances where its verdict included overcharges, that appellant had not used practical precaution in attempting to comply with the applicable regulations. On this question the position of the appellant is that the verdict of the jury on such special findings was against the weight of the evidence and should be set aside. This point, we gather, is urged to reverse the Court below in awarding double damages.

The evidence on the attempt to comply with the applicable regulations at all times remained a question of fact for the jury to determine. Conceding the validity of the testimony brought forward on behalf of appellant, the jury weighed that testimony and found it fell short of proving that appellant had done all that was reasonably practicable to avoid violations of the regulations. After a study of the charge, we conclude that the District Court properly submitted such questions of fact to the jury adequately. Moreover, there was no exception to the charge on this point.

■ 5. Up to here we have found no error which would justify a reversal. The trial of the case [4] and its complex and novel issues of administrative law made for no simple litigation. But on the question under this head, a part of the judgments below calls for reversal. It is a question as to whether the ceiling price of crab apple juice should have been computed under MPR 233 or under GMPR. In deciding this issue we are not probing into the validity of each regulation. On the contrary, it is simply a matter of interpretation and this is still a part of the judicial function.

■ The question, then, is whether the ceiling price of crab apple juice should have been computed under Maximum Price Regulation 233 or under the General Maximum Price Regulation. The District Court thought provisions concerning crab apple juice fell under GMPR because MPR 233 dealt with *apple products* generally. and there was no indication that crab apples were included within "apple products" generally. It was admitted by the government, as the District Court recognized 81 F.Supp. at page 575, that if the ceiling price for crab apple juice should be computed under the provisions of MPR 233 rather than GMPR no overcharge or violation of the ceiling price would exist. The District

3. The District Court, in disposing of the question, said:
"The question which existed was one of credibility, and since the jury saw fit to not accept the testimony of the defendant, it would be improper for the Court to declare, as a matter of law, that the testimony introduced by the defendant was the only evidence capable of belief when the agent for the government gave explanation and testimony as to why the ceiling price was computed in the amount which the agent determined."
[81 F.Supp. 566, 579]

4. In fact, it was the trial of seven cases consolidated. As Judge Gourley stated in what was an able charge in all respects:
"There are really seven cases involved in one. You are in fact trying seven cases, rather than one case. And for procedural reasons and in order to avoid the multiplicity of lawsuits it is deemed advisable where there are similar facts involved in any case in which two parties are involved that they should be merged into one."

Court supported its position in favor of the government by a reference to the subsequent amendment to the regulations which specifically referred to crab apples and crab apple products.

The record contains no persuasive evidence that the designation "apple products" was used in other than its ordinary meaning.[5] Thus this case does not come within the admonition of Mr. Justice Holmes in Boston Sand & Gravel Co. v. United States, 278 U.S. 41, 48, 49 S.Ct. 52, 54, 73 L.Ed. 170: " * * * It is said that when the meaning of language is plain we are not to resort to evidence in order to raise doubts. That is rather an axiom of experience than a rule of law and does not preclude consideration of persuasive evidence if it exists. If Congress has been accustomed to use a certain phrase with a more limited meaning than might be attributed to it by common practice it would be arbitrary to refuse to consider that fact when we come to interpret a statute." The subsequent amendment of the regulations to provide specifically for crab apples and crab apple products does not have as much significance as the government attributes to it. It is known the OPA was an emergency measure and it was imperative that its regulations be promulgated without delay. At the beginning it was necessary to make the regulations extremely general as to apple products in order to include as many products as possible. At the inception of OPA, time did not permit the degree of specialization which ideally might be deemed desirable. Specialization of particular products of necessity had to await the passage of time. Thus a subsequent regulation specifically applying to crab apples and crab apple products is not persuasive that crab apple was not included within the general term of apple products. As to this item we think there should be reversal.

Our conclusion[6] therefore, is that the following items making up the judgment should be affirmed:

| Regulation | Product | Verdict | Judgment |
|---|---|---|---|
| MPR 185 | Black Raspberry juice | $ 805.00 | $1610.00 |
| MPR 409 | Red Currants | 2531.66 | 5063.32 |
| MPR 185 | Strawberry juice | 1348.50 | 2697.00 |

Under our views as expressed above, a reversal should be had, however, as to the remaining item and judgment as to this should be for appellant:

| Regulation | Product | Verdict | Judgment |
|---|---|---|---|
| GMPR | Crab apple juice | $2509.00 | $5018.00 |

Judge O'CONNELL participated in the hearing and decision of this case but died before the opinion was filed.

5. The District Court appeared to recognize this fact when it wrote 81 F.Supp. at page 576: "It appears that from a horticultural standpoint crab apples would fall within the category of apples since a crab apple is nothing less than a small apple." The authority for this is:

  (a) The American Fruit Culturist by John J. Thomas, published by The Orange Judd Company, New York, 1920.

  (b) American Horticultural Manual by J. L. Budd, published by John Wiley and Sons, New York, 1911.

  (c) Publication "The Apple" by A. Daniel Hall, published by Martin Hopkinson, London, 1933.

  (d) The Principles of Fruit-Growing by L. H. Bailey, published by Macmillan Company, New York, 1916.

  (e) Science and Fruit Growing by Duke of Bedford, published by Macmillan Company, New York, 1919.

6. The following items are not, in fact, before us on this appeal for the jury found against the government on these items and no cross-appeal was taken to challenge the jury's findings. The items:

| Regulation | | Product | Overcharge | Total Overcharge |
|---|---|---|---|---|
| GMPR | (7 F.R. 3153) | Grape juice | 6,755.00 | 6,755.00 |
| MPR 207 | (7 F.R. 6599) | Frozen strawberries | 114,545.45 | 114,545.45 |
| MPR 409 | (8 F.R. 8353) | Strawberries (1943 pack) | 8,910.00 | 8,910.00 |