**RUBIN et al. v. BOWLES, Price Adm'r, et al.**

No. 235.

United States Emergency Court of Appeals.

Submitted July 5, 1945.

Decided Aug. 9, 1945.

William B. Harrell and J. Manuel Hoppenstein, both of Dallas, Tex., for complainants.

Richard H. Field, Gen. Counsel, and Nathaniel L. Nathanson, Associate Gen. Counsel, O. P. A., both of Washington, D. C., for Price Administrator.

Thomas I. Emerson, Gen. Counsel, and Brainerd Currie, Asst. Gen. Counsel, O. E. S., both of Washington, D. C., for Director, O. E. S.

James L. Dougherty, George B. Stoner, and John C. Erickson, all of Washington, D. C., for Defense Supplies Corporation.

Before MARIS, Chief Judge, and MAGRUDER, McALLISTER, LINDLEY, and LAWS, Judges.

PER CURIAM.

This complaint was filed pursuant to leave granted by the United States District Court for the Northern District of Texas under Section 204(e) (1) of the Emergency Price Control Act, as amended, 50 U.S.C.A.Appendix, § 924(e) (1). In that court criminal complaints are pending charging the present complainants with illegal sales of beef carcasses at prices in excess of the maximum prices established by Revised Maximum Price Regulation No. 169—Beef and Veal Carcasses and Wholesale Cuts (7 F.R. 10381), and with illegal sales of dressed hogs and wholesale pork cuts at prices in excess of the maximum prices established by Revised Maximum Price Regulation No. 148—Dressed Hogs and Wholesale Pork Cuts (7 F.R. 8609). Joined as respondents in the present complaint are the Price Administrator, the Director of the Office of Economic Stabilization, and the Defense Supplies Corporation. Complainants seek to challenge the validity of RMPR 169 and RMPR 148. They also seek in this proceeding to challenge the validity of certain provisions of the Directive of the Office of Economic Stabilization issued October 25, 1943 (8 F.R. 14641), and of corresponding provisions of Amendment No. 2 (9 F.R. 1820) to Regulation No. 3 (8 F.R. 10826) of the Defense Supplies Corporation, under which provisions complainants are rendered ineligible for the special subsidy paid to nonprocessing slaughterers of cattle because they were not nonprocessing slaughterers, as defined, during six consecutive months of 1942.

The Director of the Office of Economic Stabilization has moved that the complaint be dismissed as to him. A similar motion to dismiss has been filed by the Defense Supplies Corporation. These motions must both be granted. Whether or not this court has jurisdiction under Section 204(a) of the Act to entertain a complaint seeking review of the provisions of a subsidy order or regulation after the denial by the administrative agency of a protest filed under section 203(a) (see Illinois Packing Co. v. Bowles, Em.App.1945, 147 F. 2d 554), it is clear that Section 204(e) (1) of the Act gives us no jurisdiction to entertain such a complaint. The applicable portion of Section 204(e) (1) reads as follows: "Within thirty days after arraignment, or such additional time as the court may allow for good cause shown, in any criminal proceeding, and within five days after judgment in any civil or criminal proceeding, brought pursuant to section 205 involving alleged violation of any provision of any

regulation or order issued under section 2 or of any price schedule effective in accordance with the provisions of section 206, the defendant may apply to the court in which the proceeding is pending for leave to file in the Emergency Court of Appeals a complaint against the Administrator setting forth objections to the validity of any provision which the defendant is alleged to have violated. The court in which the proceeding is pending shall grant such leave with respect to any objection which it finds is made in good faith and with respect to which it finds there is reasonable and substantial excuse for the defendant's failure to present such objection in a protest filed in accordance with section 203(a). Upon the filing of a complaint pursuant to and within thirty days from the granting of such leave, the Emergency Court of Appeals shall have jurisdiction to enjoin or set aside in whole or in part the provision of the regulation, order, or price schedule complained of or to dismiss the complaint."

The only complaint which may be filed in this court on leave of a District Court under Section 204(e) (1) is a complaint "setting forth objections to the validity of any provision [of a regulation or order issued under Section 2] which the defendant is alleged to have violated." Complainants have been charged with criminal violations of RMPR 169 and RMPR 148 by making sales at prices in excess of the ceiling prices therein established, but they have not been charged with violation of any provision of the aforementioned Directive or of the subsidy regulation.

The Price Administrator, who now becomes the sole respondent, has moved to have stricken from the complaint those portions thereof which purport to challenge the validity of the Directive and of the subsidy regulation. For the reason above stated, this motion will be granted.

■ In addition, the Price Administrator has moved for dismissal of the complaint in so far as it is directed against the provisions of RMPR 148. The complaint in this aspect is founded on the premise that the Price Administrator has an independent duty to establish maximum prices which are generally fair and equitable, and that, in determining whether the Administrator has met this statutory standard, no account may be taken of the subsidy to all slaughterers of hogs provided by the action of another agency of the government. Since the Administrator concedes that the maximum prices in RMPR 148 are inadequate without the complementary subsidy, complainants argue that their case is proved and that RMPR 148 is necessarily invalid. The argument is absurd. As we said in Armour & Co. v. Bowles, Em.App. 1945, 148 F.2d 529, 534: "While the subsidy is not a part of the regulation issued by the Price Administrator, its existence is an economic factor which cannot be disregarded in estimating whether the regulation is generally fair and equitable." Congress in Section 2(e) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 902(e), authorized the use of subsidies as an adjunct of the price control program. This policy was reaffirmed in the Act of June 23, 1945 [Public Law 88—79th Congress], which specifically authorized the continuation of the meat subsidies. The Stabilization Act of 1942 (56 Stat. 765) directed the President to stabilize prices so far as practicable on the basis of the levels which existed on September 15, 1942. This necessitated a reduction of meat prices, including pork prices. Amendment No. 5 to RMPR 148 (8 F.R. 7671) reduced the prices of dressed hogs and wholesale pork cuts to the extent necessary to permit a 10 per cent rollback in prices of pork cuts sold at retail. Provision was made for a subsidy to be paid to slaughterers of hogs equivalent to the amount of the reduction in wholesale prices, thereby avoiding a downward pressure on live hog prices which would have led producers to curtail production. See Statement of Considerations accompanying the issuance of Amendment No. 5 to RMPR 148, Pike & Fischer OPA Price Service, Food, vol. 3, pp. 46, 162. Obviously this stabilization program as contemplated by Congress would have been impossible if the Price Administrator had been obliged to ignore the existence of the compensation subsidy in establishing the maximum prices of dressed hogs and wholesale pork cuts. Since the complaint, in so far as it challenges the validity of RMPR 148, fails to state a claim upon which relief can be granted, a judgment will be entered dismissing this part of the complaint.