151 F.2d 337 (1945)
ILLINOIS PACKING CO.
v.
SNYDER, Administrator, Office of Federal Loan Administrator, et al.
No. 223.
United States Emergency Court of Appeals.
Submitted June 22, 1945.
Decided September 25, 1945.
Irwin N. Walker and Peter B. Atwood, both of Chicago, Ill., for complainant.
John D. Goodloe, George B. Stoner, James L. Dougherty, and John C. Erickson, all of Washington, D. C., for respondents.
Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.
MAGRUDER, Judge.
Illinois Packing Company in this proceeding challenges the validity of certain provisions of Amendment No. 2 (9 F.R. 1820) to Regulation No. 3 (8 F.R. 10826) issued by the Defense Supplies Corporation, a wholly owned subsidiary of the Reconstruction Finance Corporation (6 F.R. 2972). A special subsidy of 80 cents per cwt. to nonprocessing slaughterers of cattle was established pursuant to a Directive of the Office of Economic Stabilization issued October 25, 1943 (8 F.R. 14641). The provisions of Amendment No. 2 to which complainant takes exception prescribe certain conditions upon the payment of the subsidy in question. To be eligible for the subsidy, a nonprocessing slaughterer, as defined, must be an "unaffiliated slaughterer"; that is, it must not "own or control" or be "owned or controlled by" a processor of meat, and the phrase "own or control" is defined as meaning "to own or control directly or indirectly a partnership equity or in excess of ten per cent of any class of outstanding stock * * *." It is alleged that the Defense Supplies Corporation held that complainant was not eligible to receive the special subsidy upon the ground that more than 10 per cent of its outstanding capital stock was owned or controlled by a processor of meat, Pfaelzer Brothers, of Chicago, Illinois.
In an earlier effort to raise the issues presented by the pending complaint, Illinois Packing Company filed with the Price Administrator a protest against the provisions of said Amendment No. 2. This protest *338 was dismissed by the Administrator for lack of jurisdiction on the ground that he had no power in the premises, since the protested provisions were part of a subsidy regulation issued by another government agency, the Defense Supplies Corporation. Thereupon, Illinois Packing Company filed its complaint in this court. We dismissed this complaint, in Illinois Packing Co. v. Bowles, Em.App. 1945, 147 F.2d 554, 558, concluding that the protest was not a protest properly filed with the Price Administrator pursuant to section 203(a) of the Emergency Price Control Act, 50 U.S.C.A. Appendix § 923(a); that the Administrator had no choice but to dismiss the protest; and that the filing of the complaint, which named the Price Administrator as sole respondent, did not give us jurisdiction to review the validity of Amendment No. 2, issued by the Defense Supplies Corporation.
In our opinion in Illinois Packing Co. v. Bowles, supra, we went on to say that, as then advised, but reserving decision on the point, we thought complainant "might have filed its protest to Amendment No. 2 with the Defense Supplies Corporation and that, if such protest had been denied by that agency, the complainant might then have filed its complaint in this court under § 204 (a) [of the Act], naming the Defense Supplies Corporation as respondent."
Taking its cue from our obiter dictum thus expressed, Illinois Packing Company started over again. It lodged a protest with the Federal Loan Administrator and the Defense Supplies Corporation against certain provisions of Amendment No. 2 to Regulation No. 3 of the latter Corporation. By vote of the directors of the Defense Supplies Corporation on April 9, 1945, the secretary of the Corporation, on behalf of the Corporation and the Federal Loan Administrator, was authorized to inform the Illinois Packing Company that its protest had been denied. Thereupon Illinois Packing Company filed the present complaint in this court.
Respondents, the Federal Loan Administrator and Defense Supplies Corporation, have filed a motion to dismiss the complaint for the reason that this court lacks jurisdiction to entertain it. The motion to dismiss must be denied.
Under section 204(d) of the Act, 50 U.S.C.A. Appendix § 924(d), this court, and the Supreme Court upon certiorari, are given "exclusive jurisdiction to determine the validity of any regulation or order issued under section 2 * * *." We have nothing to add to our reasons stated in Illinois Packing Co. v. Bowles, supra, for concluding that Amendment No. 2 is a "regulation or order issued under section 2".
We now reaffirm the reasons we tentatively advanced in that opinion for the further conclusion that this jurisdiction might be invoked by the filing of a complaint under section 204(a), following protest lodged with the Defense Supplies Corporation against the provisions of Amendment No. 2 and the denial of such protest by said corporation, all pursuant to the protest procedure in § 203 of the Act. Briefly, we shall discuss one or two further points pressed by respondents in their memorandum in support of the motion to dismiss.
Under section 203(a), "any person subject to any provision" of a regulation or order under section 2, 50 U.S.C.A. Appendix § 902, may file a protest. This is not a jurisdictional provision, but relates to the standing of a particular person to invoke our jurisdiction. In Buka Coal Co. v. Brown, Em.App. 1943, 133 F.2d 949, 952, we accepted the Price Administrator's interpretation of this provision of the Act to the effect that a person is "subject to" a provision of a maximum price regulation "only if such provision prohibits or requires action by him." While this interpretation may be appropriate, so far as concerns the standing of a person to protest a price regulation, it is clearly not an appropriate criterion for determining the standing of a person to protest the kind of regulation now before us, a regulation, setting up a scheme of compensatory subsidy payments under defined terms and conditions. If anybody could be "subject to" a provision of the subsidy regulation, complainant certainly would meet this requirement, since it claims to be excluded from the subsidy by a discriminatory and unlawful condition inserted in the subsidy regulation by Amendment No. 2. Since section 204(d) confers upon this court "jurisdiction to determine the validity of any regulation or order issued under section 2," and since Amendment No. 2 is such a regulation or order, it is inadmissible to put upon the phrase "any person subject to any provision" of a regulation under section 2 an interpretation which would make it impossible for anyone to invoke our jurisdiction in this type of case, especially one who, *339 like complainant, is most immediately and directly prejudiced by the challenged provision of the subsidy regulation.
Respondents also make the argument that the meat subsidies are in the nature of a bounty or gratuity which Congress has authorized to be bestowed by discretionary action of an administrative agency, and that therefore the issues sought to be raised by the complainant are inherently nonjusticiable. Work v. United States ex rel. Rives, 1925, 267 U.S. 175, 45 S.Ct. 252, 69 L.Ed. 561, is cited in this connection. That case merely decided that Congress, in making provision for the payment of gratuities based upon equitable or moral considerations, might, if it chose, vest in a designated official the final authority to interpret the applicable statutes, and that in such a case the discretion so confided could not be controlled by writ of mandamus. It does not follow from this that Congress may not, if it chooses, confer upon the courts a limited power of judicial review of the actions of an administrative agency vested with authority to administer a statute providing for the payment of gratuities.
Furthermore, it is hardly accurate to describe the meat subsidies as a gratuity or bounty. Such subsidies are closely articulated with the price control program, and, as contemplated by Congress, may operate as compensatory in nature so as to validate a lower level of legal maximum prices than otherwise would be permissible under the standards laid down in the Price Control Act for the guidance of the Price Administrator. See Heinz v. Bowles, Em. App. 1945, 149 F.2d 277, 280, 281; Rubin v. Bowles, Em.App., 150 F.2d 860. The subsidy regulation being thus one of the mechanisms of the price control program, there is every reason to suppose that Congress intended, in the broad language of section 204 (d), to give us exclusive jurisdiction to determine the validity of provisions of the subsidy regulation as well as to determine the validity of provisions of the corresponding interrelated price regulation.
In denying the pending motion to dismiss the complaint for lack of jurisdiction, we intimate no opinion upon the merits. Here, as in the case of price and rent regulations, we are empowered to set aside the challenged provision only if complainant establishes to our satisfaction that it is "not in accordance with law, or is arbitrary or capricious." Section 204(b). Under such statutory limitation upon our power of judicial review, it is obvious that we cannot invade the field of discretion confided to the administrative agency. Only if we were proposing to do so would we run afoul of the holding in Silberschein v. United States, 1924, 266 U.S. 221, 45 S.Ct. 69, 69 L.Ed. 256, relied upon by respondents. See Dismuke v. United States, 1936, 297 U.S. 167, 171, 172, 56 S.Ct. 400, 80 L.Ed. 561.
An order will be entered denying the motion to dismiss.