### ATLANTIC MEAT CO., Inc., v. RECONSTRUCTION FINANCE CORPORATION.

#### Civil Action No. 3369.

District Court, D. Massachusetts.

Oct. 30, 1946.

Lawrence Black, of Boston, Mass., for plaintiff.

John J. Burns and John F. Rich, both of Boston, Mass., for defendant.

WYZANSKI, District Judge.

The case is before the Court on defendant's motion for summary judgment on the ground that this action is controlled by the final judgment in Atlantic Meat Co., Inc., v. Reconstruction Finance Corporation, Em. App., 155 F.2d 533, certiorari denied 67 S.Ct. 52.

Plaintiff's present action, brought under both § 2(m) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 902(m), and the Declaratory Judgment Act, 28 U.S.C.A. § 400, alleges that defendant is indebted to it for over $600,000 for subsidy payments under certain provisions of the Emergency Price Control Act and executive directives which are set out in full in Earl C. Gibbs, Inc., v. Defense Supplies Corporation, Em.App., 155 F.2d 525, but which must be briefly summarized here before the controversy can be understood.

§ 2(e) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 902(e), authorized, as a part of the program of price control, the Price Control Administrator to make subsidy payments to producers of commodities, provided that in the case of a critical material like meat the need of such subsidy should be determined by the Federal Loan Administrator with the approval of the President. At first Defense Supplies Corporation and after June 30, 1945, its parent, Reconstruction Finance Corporation, were empowered to pay approved subsidies. 59 Stat. 310, 15 U.S.C.A. § 606b note. 6 F.R. 2972. The Stabilization Act of 1942, 50 U.S.C.A.Appendix, §§ 961, 962, and Titles I and V of Executive Order 9250, issued October 3, 1942, 50 U.S.C.A.Appendix, § 901 note [7 F.R. 7671], authorized the Director of the Office of Economic Stabilization to issue directives to the Price Control Administrator, the Federal Loan Administrator, Defense Supplies Corporation, Reconstruction Finance Corporation and others, each of which agencies was bound to make its "administrative * * * conform to the directives on policy issued by the Director."

October 25, 1943, the Director issued a Directive [8 F.R. 14641] providing for a special subsidy to non-processing slaughterers of meat, and simultaneously issued a statement explaining its purpose. Responding to that directive, Defense Supplies Corporation on October 30, 1943 issued Amendment No. 2 to its Regulation No. 3 [8 F.R. 14641, particularly § 7003.14]. This amendment in effect provided that to be eligible for the special subsidy, a non-processing slaughterer must be an unaffiliated slaughterer, that is, it must not own or control or be owned or controlled by a processor or purveyor of meat.

Plaintiff's suit in this Court is founded on its claim that as a non-processing slaughterer of meat it is entitled to be paid subsidies by the R.F.C. Plaintiff alleges that it comes within the terms of the Directive of October 25, 1943; that Amendment 2 to Regulation 3 is invalid because it adds unauthorized conditions to the Directive and because it is not authorized by law (presumably because the Amendment was not pursuant to a determination by the Federal Loan Administrator); that for the period from April 1, 1944, through July 7, 1945 (though not earlier) it has fulfilled the conditions of Amendment 2; and that if plaintiff is not given the subsidy, the effect of other regulations will be to deprive it of its property without the due process of law guaranteed by the Fifth Amendment. Plaintiff seeks as relief first, declarations that it has complied with the Directive, that the Amendment is invalid, that since April 1944 it has complied with the Amendment and that defendant's failure to pay subsidies deprives plaintiff of his property without due process of law, and second, an injunction requiring defendant to pay plaintiff the claimed subsidies.

Plaintiff's suit in the Emergency Court of Appeals was against the same defendant involved in the instant case. 155 F.2d at page 534, note 1. There plaintiff alleged that the conditions contained in Amendment 2 to Regulation 3 were repugnant to the Directive of October 25, 1943; that plaintiff was denied the benefits contemplated by the Directive and the Emergency Price Control Act of 1942 as amended by the Stabilization Act of 1942; and that the Amendment taken in conjunction with other administrative orders, deprived plaintiff of its property in violation of the Fifth Amendment to the United States. Plaintiff prayed to have Amendment 2 set aside. The Emergency Court took evidence in the form of an administrative transcript. It then held that Amendment 2 "denying the special subsidy to any slaughterer who is owned or controlled by a processor of meat is in our opinion a reasonable and ap-

propriate provision for carrying into execution the general policy laid down in the Directive of October 25, 1943" [155 F.2d at page 534]; and that the status of plaintiff both prior and subsequent to April 4, 1944 was such that it did not meet the provisions of that Amendment. [155 F.2d at page 535] Thereupon that Court entered a judgment dismissing the complaint.

■ Defendant contends that the facts recited show a clear occasion for invoking the doctrine of res judicata.

It is obvious that so far as concerns the principles of res judicata the case in the Emergency Court just described and this case involve the same cause of action. Both suits in essence allege that plaintiff is entitled to subsidy payments because it comes within the Directive, because the Amendment is invalid and because at any rate after April 1944 plaintiff fell within the terms of the Amendment.

■ It is not important that in the Emergency Court case plaintiff sought only the relief of having the Amendment set aside while here plaintiff seeks as relief first, declarations that plaintiff comes within the Directive, that the Amendment is invalid, that since April 1944 plaintiff complies with the Amendment, and that defendant's refusal to pay subsidies is a violation of the Fifth Amendment and second, an injunction requiring defendant to pay subsidies to plaintiff. "Where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining a second action based upon the same operative facts in which he seeks an alternative remedy." Restatement, Judgments, § 65, comment (a), p. 272.

■ Nor is it important that in the Emergency Court plaintiff by his pleadings did not raise and perhaps failed to take the initial administrative steps appropriate to raise (compare Earl C. Gibbs, Inc., v. Defense Supplies Corporation, Em.App., 155 F.2d at page 530) the question whether the Federal Loan Administrator personally had made determinations favorable to the subsidy provisions of Amendment 2, and whether in the absence of such personal determinations the Amendment was valid. "Where in the second action the plaintiff bases his claim on the same right on which he based his claim in the prior action and on the same violation of duty by the defendant, it is not a different cause of action merely because he asserts different grounds for recovery from those which he asserted in the prior action. He is barred by the prior judgment, not only where the grounds alleged in the second action were alleged in his complaint in the prior action and he failed to prove them, but also where he failed to allege these grounds in his complaint and therefore was precluded from proving them in the prior action." Restatement, Judgments, § 63, Comment (a), p. 258.

But plaintiff asserts that the doctrine of res judicata does not apply to the case at bar because the Emergency Court was without jurisdiction of the case it heard. Plaintiff's assertion is that the Emergency Court has jurisdiction to set aside a regulation or order only if it has been issued under § 2 of the Emergency Price Control Act; that Amendment No. 2 did not purport to be and was not a regulation under the Emergency Price Control Act (but was merely a regulation under the purported authority of the Stabilization Act); that even if Amendment No. 2 purported to be a regulation under the Emergency Price Control Act it was not a valid regulation under that Act since the Federal Loan Administrator was not shown to have given his personal approval; and that from these premises the conclusion is that the Court had no jurisdiction.

■ There is nothing new about assertions that Amendment No. 2 did not purport to be and was not a regulation under the Emergency Price Control Act, and that therefore review of such amendments could not be had in the Emergency Court of Appeals. Such assertions have been disposed of by opinions which seem to me so persuasive as to need no elaboration. Illinois Packing Co. v. Bowles, Em.App., 147 F.2d 554; Illinois Packing Co. v. Snyder, Em. App., 151 F.2d 337.

■ Perhaps there is something more novel about the contention that since Amendment No. 2 lacked the personal authorization of the Federal Loan Adminis-

trator it was so plainly not a regulation under the Act that jurisdiction to consider its validity was not vested in the Emergency Court. But novelty is the only merit in the contention. Where the validity of a purported regulation under the Act is adjudicated by the Emergency Court, the jurisdiction of that Court cannot be later attacked by showing that the regulation was never signed by the proper administrative authority. The propriety of the administrative signature goes to the merits of the regulation, not to the jurisdiction of the Court. Compare Bell v. Hood, 66 S.Ct. 773. If plaintiff's argument were sound, one might as well say that after the Supreme Court of the United States had decided a question under a treaty, or on the basis of diversity jurisdiction, its jurisdiction could later be attacked by showing that the Senate had never ratified the treaty or that there was no diversity of citizenship between the parties. Cf. Restatement, Judgments, § 7 comment (c) p. 44.

The Emergency Court having had jurisdiction of the case reported in 155 F.2d 533, its judgment is res judicata of the cause of action presented to this Court.

Motion for summary judgment for defendant granted with costs.