## SAMETT v. RECONSTRUCTION FINANCE CORPORATION.

### No. 3563.

Circuit Court of Appeals, Tenth Circuit.

Dec. 17, 1947.

Rehearing Denied Jan. 15, 1948.

606

PHILLIPS, Circuit Judge, dissenting.

Fred S. Caldwell, of Denver, Colo., for appellant.

Henry E. Lutz, Asst. U. S. Atty., of Denver, Colo. (Herbert A. Bergson, Acting Asst. Atty. Gen., Max M. Bulkeley, U. S. Atty., of Wray, Colo., Joseph M. Friedman, Sp. Asst. to the Atty. Gen., and George Arthur Fruit, Atty., Dept. of Justice, of Washington, D. C., on the brief), for appellee.

Before PHILLIPS, BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Ben Samett instituted in the United States Court for Colorado this class action against Reconstruction Finance Corporation. It was alleged in the complaint that plaintiff was engaged in the business of slaughtering livestock; that he was a resident of Denver, Colorado, and that his place of business was in that city; that there was due him a balance of $22,660 on accrued and vested subsidies; that in like manner large balances on accrued and vested subsidies were due other slaughterers of livestock throughout the country; that acting under the pretended authority of Economic Stabilization Directive No. 41, as amended, and certain regulations promulgated by the Reconstruction Finance Corporation, payment of the respective amounts due had been refused; and that such directive and such regulations in their application to the business of plaintiff and to the businesses of others similarly situated undertook to lay forfeitures and penalties and were unlawful, illegal, and void. A declaratory judgment was sought determining and adjudicating that the directive and regulations referred to were illegal, null, and void; awarding plaintiff judgment against the defendant Reconstruction Finance Corporation in the sum of $22,660, with damages for the wrongful withholding of such sum; awarding like recovery in the respective amounts due others similarly situated who should elect to join plaintiff and participate in the prosecution of the action; and declaring the several judgments to be a lien upon all subsidy moneys appropriated by Congress and placed under the control of the defendant Reconstruction Finance Corporation. The court dismissed the action for lack of jurisdiction, and plaintiff appealed.

Section 204(a) of the Emergency Price Control Act, 56 Stat. 23, 50 U.S.C.A. Appendix, § 901 et seq., provided in effect that the Emergency Court of Appeals should have exclusive jurisdiction to set aside a regulation, order, or price schedule promulgated by the Administrator; and section 204(d) provided that judgments and orders of the Emergency Court of Appeals should be subject to review by the Supreme Court, and that, except as provided in the section, no court should have jurisdiction or power to consider the validity of any regulation, order, or price schedule. These provisions were valid; and under them, only the Emergency Court of Appeals in the first instance, and the Supreme Court on certiorari to the Emergency Circuit Court of Appeals, had jurisdiction of an action attacking the validity of a regulation promulgated by the Administrator, Office of Price Administration, or by the Director, Office of Economic Stabilization, on the ground that it was illegal and void. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Bowles v. Capitol Packing Co., 10 Cir., 143 F.2d 87; Bowles v. Nu Way Laundry Co., 10 Cir., 144 F.2d 741, certiorari denied, 323 U.S. 791, 65 S.Ct. 431, 89 L.Ed. 631; Bowles v. Jones, 10 Cir., 151 F.2d 232.

■ Appellant relies upon section 2(m) of the Act to confer jurisdiction upon the United States Court for Colorado. That section came into the Act as an amendment in 1944, 58 Stat. 632, 636, 50 U.S.C.A. Appendix § 902(m), and it provided in presently material part that no agency of the Government should, in the payment of sums authorized by the Act or any other act relating to the production or sale of agricultural commodities, or in the fixing of quotas for the production or sale of any such commodities, impose any conditions or penalties not authorized by the provisions of the Act or other acts, or lawful regulations issued thereunder; that any person aggrieved by any action of any such agency contrary to the provisions of the Act might petition the district court of the United States of the district in which he resided or had his place of business for an order or a declaratory judgment to determine whether the action or the failure to act was in conformity with the provisions of the Act or otherwise lawful; and that the court should have jurisdiction to grant appropriate relief. It is argued that the section gave to the district courts concurrent jurisdiction with the Emergency Court of Appeals in a narrow class of cases, particularly those in which conditions or penalties had been imposed without authority in law; and that this case fell within that narrow class. But section 2(m) did not purport to be an amendment to subparagraph (a) or subparagraph (d) of section 204. It was an independent provision which had application in cases where the plaintiff felt aggrieved at administrative action taken or failure to act under the terms of the Act or under a valid regulation. It conferred jurisdiction upon the district courts of the United States to entertain suits where the administrative action taken or the failure to act under the Act or under a valid regulation was challenged for an erroneous determination of fact or law. It was not a grant of jurisdiction to determine the validity of a challenged regulation. Illinois Packing Co. v. Defense Supplies Corp., D. C., 57 F.Supp. 8, affirmed, 7 Cir., 156 F.2d 875.

■ The crux of this case was primarily an attack upon the validity of a directive promulgated under the authority of the Emergency Price Control Act. The directive itself was attacked on the ground of being illegal, null, and void. It was not a case where administrative action or nonaction under a valid regulation was challenged. The action was within the scope and meaning of section 204(a) and (d); and under the law existing at the time of the institution of the action and at the time of its dismissal only the Emergency Court of Appeals had original jurisdiction to entertain it. Illinois Packing Co. v. Defense Supplies Corp., supra.

The judgment is affirmed.

PHILLIPS, Circuit Judge (dissenting).

Samett brought this action against the Reconstruction Finance Corporation, under § 2(m) of the Emergency Price Control Act of 1942, as amended, 58 Stat. 636. In addition to other relief, he sought an adjudication that certain portions of Directive 41, as amended, issued by the office of Economic Stabilization, and certain revised regulations of the Reconstruction Finance Corporation were invalid and, therefore, did not authorize the imposition of penalties with respect to subsidy payments for the slaughtering of livestock. The trial court held it was without jurisdiction to pass on the validity of such Directive and regulations and on July 23, 1947, entered its order dismissing the action.

Section 204(d) of the Emergency Price Control Act of 1942 vested exclusive jurisdiction in the Emergency Court of Appeals, and in the Supreme Court, upon review of judgments of the Emergency Court of Appeals, to determine the validity of any regulation or order issued under § 2 of such Act. For the reasons indicated in Illinois Packing Co. v. Bowles, Em.App. 147 F.2d 554, I am of the opinion that Directive 41 was issued under § 2 of the Emergency Price Control Act of 1942. See, also, Illinois Packing Co. v. Snyder, Em.App., 151 F.2d 337.

The question then presented is whether Congress, by § 2(m), supra, intended to amend § 204(d), supra, so as to give to the district courts jurisdiction to pass on the validity of regulations undertaking to

authorize the imposition of conditions or penalties, with respect to the payment of sums authorized by an act of Congress relating to the production of agricultural commodities, for the limited purpose of determining where a person instituting an action under § 2(m), supra, is entitled to any such payment. Section 2(m), supra, was incorporated in the amendments of the Price Control Act, enacted in 1944. It provided that "no agency, department, officer, or employee of the Government, in the payment of sums authorized by this or other Acts of Congress relating to the production or sale of agricultural commodities, * * * shall impose any conditions or penalties not authorized by the provisions of the Act or Acts, or lawful regulations issued thereunder, under which such sums are authorized, * * *. Any person aggrieved by any action of any agency, department, officer, or employee of the Goverment contrary to the provisions hereof, * * * may petition the district court of the district in which he resides or has his place of business for an order or a declaratory judgment to determine whether any such action * * * is in conformity with the provisions hereof and otherwise lawful; and the court shall have jurisdiction to grant appropriate relief."

Obviously, Congress believed that conditions or penalties were being imposed with respect to payments authorized under the Price Control Act relating to the production or sale of agricultural commodities not authorized by law or by lawful regulations and that provision should be made for aggrieved persons to obtain relief in the district court of the district in which they reside or have their place of business.

Thus, it will be observed that § 2(m), supra, prohibits the imposition of any condition or penalty not authorized by a lawful regulation and authorizes any person aggrieved by any action contrary to the provisions of § 2(m), supra, to petition the district court of the district in which he resides or has his place of business for a declaratory judgment to determine whether such action is in conformity with the provisions

of such Act and otherwise lawful, and gives the district court jurisdiction to grant appropriate relief. The power to determine whether such action is in conformity with the provisions of § 2(m), supra, or otherwise lawful, clearly implies the power to determine that such action is not in conformity with the provisions of § 2(m), supra, or is otherwise unlawful. The imposition of a condition or penalty not authorized by a lawful regulation would not be in conformity with the provisions of § 2(m), supra. Therefore, it seems to me that § 2(m), supra, expressly grants to the district courts jurisdiction to determine whether a regulation under which such a condition or penalty is sought to be imposed is lawful or unlawful for the purpose of determining the rights of the plaintiff to any such payment authorized by an act of Congress.

Section 2(m), supra, does not apply to price regulations per se,[1] or to regulations imposing penalties for a violation of the Price Control Act, but only to regulations providing for the imposition of conditions and penalties affecting the payment of sums authorized by an act of Congress relating to the production or sale of agricultural commodities; and the exercise by the district courts of the jurisdiction granted by § 2(m), supra, as I construe it, would not, by reason of conflicting decisions, substantially affect the price control program or defeat the underlying purpose of the grant of exclusive jurisdiction to the Emergency Court of Appeals and the Supreme Court on review, by § 204(d), supra. Accordingly, I see no valid reason not to attribute to § 2 (m), supra, the congressional intent which the plain language thereof imports.

Moreover, the Emergency Price Control Act terminated on June 30, 1947, and the jurisdiction of the Emergency Court of Appeals, if any, on July 23, 1947, to pass on the validity of a regulation,[2] was limited to civil and criminal enforcement proceedings predicated upon past violations alleged to have been committed while the regulation was in effect.

For the reasons indicated, I respectfully dissent.

---

[1] See Bowles v. Crew, D.C.Cal., 59 F. Supp. 809, 811.

[2] See Standard Kosher Poultry, Inc. v. Clark, Em.App., 163 F.2d 430.