### NOBLE et ux. v. RICKER.
#### No. 3528.

Circuit Court of Appeals, Tenth Circuit.
Dec. 26, 1947.

Rehearing Denied March 10, 1948.

included poisoning by carbon disulphide. Plaugher v. American Viscose Corp., 1942, 147 Pa.Super. 372, 377, 24 A.2d 698, 701.

984

W. H. Brown, of Oklahoma City, Okl. (Paul G. Darrough and Virgil R. Ball, both of Oklahoma City, Okl., on the brief), for appellants.

Arthur L. Ellsworth and Leverett Edwards, both of Oklahoma City, Okl., for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Glen Noble and Margaret Noble, husband and wife, instituted this action against Lila P. Kennedy Ricker to recover treble damages and attorneys' fees for violation of the Emergency Price Act of 1942, 56 Stat. 23, 50 U.S.C.A. Appendix, § 901 et seq., in its application to rents. Broadly stated, the claim was that the defendant owned certain residential property in Oklahoma City; that on November 3, 1943, defendant rented the property to plaintiffs at a rental of $100 per month; that plaintiffs paid rent at that rate until May 15, 1945; that on May 18, 1945, the rent director found and determined that the defendant had failed to file a registration statement relating to the property in accordance with the rent regulations; that the rent director

thereupon established a maximum rental for the property at $67.50 per month as of November 3, 1943, and ordered a refund to plaintiffs accordingly; and that defendant had failed and refused to refund the excess rent or any part thereof. The defenses were that promptly following the renting of the property to plaintiffs, defendant registered it in the Office of Price Administration at a rental of $100 per month; that the Office of Price Administration lacked jurisdiction to make any purported retroactive order of reduction in the rent; that the property was a large 11 room house located in an exclusive residential district; that immediately after purchasing it in March, 1943, defendant expended large sums for its repair, redecoration, and rehabilitation; and that the rent of $100 per month was fair, reasonable, and in harmony with prevailing rentals. The cause was tried to a jury; a verdict was returned for the defendant; judgment was entered upon the verdict; and plaintiffs appealed.

Plaintiffs urge the contention that the several defenses interposed amounted to nothing more than an attack upon the validity of the order of the Office of Price Administration; that the order was not open to attack in this cause either as to its validity or correctness; and that the court should have directed a verdict for plaintiffs. Section 204 of the Emergency Price Control Act, supra, vested in the Emergency Court of Appeals exclusive original jurisdiction to set aside regulations, orders, or price schedules promulgated by the Administrator, Office of Price Administration, and withdrew such jurisdiction from all other courts. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed 834; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Bowles v. Capitol Packing Co., 10 Cir., 143 F.2d 87; Bowles v. Nu Way Laundry Co., 10 Cir., 144 F.2d 741, certiorari denied, 323 U.S. 791, 65 S.Ct. 431, 89 L.Ed. 631; Bowles v. Jones, 10 Cir., 151 F.2d 232; Samett v. Reconstruction Finance Corp., 10 Cir., 165 F.2d 605. And an order of the Administrator establishing retroactively maximum rent on a single building whether it be residential property or other housing accommodations and directing the refund of rent collected in excess,

of the maximum fixed was an order within the scope of such grant of exclusive original jurisdiction. Bowles v. Meyers, 4 Cir., 149 F.2d 440; Bowles v. Griffin, 5 Cir., 151 F.2d 458; Creedon v. Babcock, 4 Cir., 163 F.2d 480.

But under section 205 of the Act, the district courts of the United States are given jurisdiction of actions involving the application and enforcement of regulations, orders, or price schedules promulgated by the Administrator, and that includes jurisdiction to find the facts to which the regulations, orders, or price schedules are to be applied. Bowles v. Griffin, supra.

Subparagraph (e) of section 205 authorizes recovery in the amount therein specified in a court of competent jurisdiction where a commodity has been sold in violation of a regulation, order, or price schedule prescribing a maximum price or maximum prices, and provides that for the purposes of the section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be. Rent Regulation 4(e) in its application to property of the kind in question requires the landlord to register the property with the Office of Price Administration within 30 days after renting it, and provides that in the event of failure to register it within that time the rent received shall be received subject to refund of any amount in excess of the maximum rent which may be fixed by an order under section 5(c) (1). Under the plain terms of the regulation, an order reducing rent retroactively and requiring the refund of the excess can not be made unless the landlord failed to register the property within the time specified. Stated otherwise, nonregistration of the property within the specified time is essential to the making of an authorized order of that kind. The retroactive order here involved was entered under the authority of the regulation, and it was based upon the fact that the defendant failed to register the property within the time required by the regulation. One defense interposed was that the defendant registered the property within that time.

That defense did not constitute an attack upon the validity of the order, either for constitutional, statutory, or other legal infirmity. The defense was in substance that entirely apart from any question concerning an infirmity in the order for want of constitutional or statutory validity, plaintiffs were not entitled to recover as for penalty on account of the nonexistence of an underlying fact essential to the exertion of the right of recovery under the regulation and the order. And that defense was available to the defendants. Bowles v. Griffin, supra; Cf. Porter v. Deer, 5 Cir., 160 F.2d 394. The evidence presented the issue of fact whether defendant registered the property within the required time or failed to do so; and that issue was for the jury, under appropriate instructions of the court. But the other affirmative defenses pleaded in the answer constituted an attack upon the legality and correctness of the order of the Administrator and therefore the court was without jurisdiction to entertain them.

Evidence was admitted over the objection of plaintiffs concerning the size of the house, concerning the neighborhood in which it was located, concerning other residential property in the vicinity, concerning relatives of plaintiffs living in the house with plaintiffs, concerning plaintiffs renting rooms to various subtenants, concerning the names of the subtenants, concerning the amounts charged as rent for the rooms, and concerning the failure of plaintiffs to refund to the subtenants overcharges of rent. All of that evidence was without legitimate relevancy or pertinency to any justiciable issue of which the court had jurisdiction. And the only purpose it could reasonably serve was to create prejudice against plaintiffs and their cause. A judgment should not be reversed for harmless error in the admission of evidence. But when appropriate consideration is given to the nature, extent, and volume of the evidence in question, and the circumstances attending its introduction, we are unable to say that the error was harmless.

The judgment is reversed and the cause remanded.