**WOODS, Housing Expediter, v. KAYE.**

No. 12029.

United States Court of Appeals
Ninth Circuit.

June 22, 1949.

Ed Dupree, Gen. Counsel, Hugo V. Prucha, Asst. Gen. Counsel, Isadore A. Honig and Benjamin I. Shulman, Sp. Lit. Atty., Office of Housing Expediter, Washington, D. C., for appellant.

H. Miles Raskoff and Gendel & Chichester, Los Angeles, Cal., for appellee.

Before: STEPHENS, BONE and ORR, Circuit Judges.

BONE, Circuit Judge.

■ Appellee Kaye owned a house in Laguna Beach, California, which, on or about September 23, 1946, she rented to one Ann Mailo for $150 per month. This was the first rental of the premises and thus the law [1] and applicable regulations thereunder [2] imposed upon appellee the duty of

---

[1] Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. Referred to herein as the Act.

[2] §§ 4, 5 and 7 of Rent Regulation for Housing, 10 F.R. 13528.

filing a registration statement within 30 days disclosing the rent charged. Section 5(c) of the Rent Regulations permits the Area Rent Director to decrease that rent if it is higher than that which was generally prevailing in the area for comparable housing on March 1, 1942. Section 4(e) of the Rent Regulations provides that the rent decrease, if any, could be made retroactive to the commencement of the rental period if the Administrator found that the landlord was at fault in failing to register within the required time.[3] These regulations are valid and thus have the force of statute.

The Area Rent Director found that appellee had not filed the required statement within 30 days of renting the premises and that she was at fault. On May 19, 1947, the rental was ordered reduced to $75 per month effective from the first rental, and the excess ($600 for eight months of overcharges) refunded to the tenant within 30 days. Appellee does not question the rent reduction except in its retroactive aspect, i. e., the refund. This action was brought in the District Court by the Housing Expediter under Section 205(a) of the Act to compel restitution and he now appeals from an adverse judgment.

Appellee states that within 30 days of renting the premises she, by mail, requested and received from the Santa Ana, California, Office of Price Administration, forms for registering her house. She asserts that she immediately filled out the forms sent to her and returned them by mail, making a copy for herself.[4] She states that she heard nothing more from the O. P. A. and in January of the following year she phoned the O. P. A. for information regarding the eviction of her tenant and was informed that that office had no record of her having ever registered the premises. Forms were sent to appellee and she filled them in, allegedly copying the information from her copy of the first registration. She mailed this data to the proper office. Pursuant to an investigation based upon this registration, the rent reduction (and refund) order was issued.

The trial court found the order to be invalid, and that the appellee had properly filed the registration within the 30 day period.

Section 204(d) of the Act provides that the validity of regulations or orders issued under section 2 shall be within the exclusive jurisdiction of the Emergency Court of Appeals. However, section 205(a) provides that the Administrator may seek the appropriate court to enjoin violations of section 204 or to compel compliance therewith. The issue thus presented is whether the refusal of a district court to enforce the order, in its retroactive aspect, is a determination that the order (in part) is invalid, a determination jurisdictionally foreclosed to it and to ourselves.

Congress intended to make inflation controls as effective as legislatively possible.[5] Toward this goal, an expeditious method of judicial review of administrative rent orders was adopted, and the Emergency Court of Appeals was invested with the sole and exclusive jurisdiction of questions involving the validity of such orders, subject only to the grant of certiorari by the Supreme Court. The constitutional validity of this method is now beyond question.[6] A single method of review, although inconvenient does not offend against due process in this situation. Congress had in mind two procedural objectives: one, a narrow but sufficient avenue of review of the regulations, and two, broad channels of enforcement. In the enforcement proced-

---

[3] Section 3, Rent Regulation for Housing, 10 Fed.Reg. 13528 provides in part as follows: "If the landlord fails to file a proper registration statement within the time specified (except where a registration statement was filed prior to October 1, 1943) the rent received for any rental period commencing on or after the date of the first renting or October 1, 1943, whichever is the later, shall be received subject to refund to the tenant of any amount in excess of the maximum rent which may later be fixed by an order under section 5(c) (1)."

[4] This alleged copy was never produced in evidence.

[5] Bowles v. Wheeler, 9 Cir., 1945, 152 F.2d 34, 37.

[6] Lockerty et al. v. Phillips, 1943, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339; Yakus v. United States, 1944, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Bowles v. Willingham, 1944, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892.

ure, little more than the validity of the statutory provisions [7] plus the fact of violation of the regulation or order may be inquired into.

Two types of orders or regulations may be promulgated under section 2 of the Act, one general or legislative in nature, the other judicial in that it is directed against specific individuals.[8] It is argued that the validity of the judicial type order is open to the court of enforcement. We do not agree. A method of protesting such orders has been provided and it must be followed.

Section 4 of the Rent Regulation for Housing (10 F.R. 13528) provides that the landlord shall file a proper statement within the time specified and if he does not, the rent reduction, if any, shall be subject to refund to the tenant if the Administrator finds that the landlord was at fault in failing to timely file.[9] If the Administrator finds the landlord not at fault, he "may relieve the landlord of the duty to refund." This is the language of discretion, permissive rather than mandatory. This is not inequitable; a person should not be permitted to retain that which is illegally acquired even through a mistake of legality.[10]

For the order to be retroactive, necessitating a refund, the landlord must be shown to not have timely registered. The administrative findings of fact underlying the retroactivity of the order are to be viewed in no different light [11] than those upon which the maximum rent figure of $75 per month was based, and we cannot conceive of the sufficiency of those facts being tested in the District Court. It would thus seem clear, in this situation, that the District Court is bound by these findings. The failure of the landlord to properly follow the procedure of review provided, results in a bar to contesting the enforcement action in the District Court. If this were not so, the purpose of Congress in providing the method of protest and in placing sole jurisdiction in the Emergency Court in order to facilitate and expedite its rent policy, would be manifestly weakened. It is our conclusion that the District Court does not have jurisdiction to inquire into

---

[7] See Sen.Rep.No.931, 77th Cong. 2nd Sess. 24-25, cf., H.R. 5479, 77th Cong. 1st Sess., printed in Hearings before Committee on Banking and Currency on H.R. 5479, 77 Cong. 2nd Sess., 4, 7-8.

[8] On the distinction see Willapoint Oysters v. Ewing, 9 Cir., 174 F.2d 676.

[9] Sec. 4 Maximum rents.—Maximum rents (unless and until changed by the Administrator as provided in section 5) shall be:

"(e) First rent after effective date.— For (1) newly constructed housing accommodations without priority rating first rented on or after the effective date of regulation, or (2) housing accommodations changed on or after such effective dates so as to result in an increase or decrease of the number of dwelling units in such housing accommodations, or (3) housing accommodations not rented at any time during the two months ending on the maximum rent date nor between that date and the effective date, the first rent for such accommodations after the change or effective date, as the case may be, but in no event more than the maximum rent provided for such accommodations by any order of the Administrator issued prior to September 22, 1942. Within 30 days after so renting the land-

lord shall register the accommodations as provided in section 7. The Administrator may order a decrease in the maximum rent as provided in section 5(c).

"If the landlord fails to file a proper registration statement within the time specified (except where a registration statement was filed prior to October 1, 1943) the rent received for any rental period commencing on or after the date of the first renting or October 1, 1943, whichever is the later, shall be received subject to refund to the tenant of any amount in excess of the maximum rent which may later be fixed by an order under section 5(c) (1). Such amount shall be refunded to the tenant within 30 days after the issuance of the order. If the Administrator finds that the landlord was not at fault in failing to file a proper registration statement within the time specified, the order under section 5 (c) (1) may relieve the landlord of the duty to refund."

[10] Compare our decision in Woods v. Richman et al., 9 Cir., 174 F.2d 614.

[11] See Martini v. Porter, 9 Cir., 1946, 157 F.2d 35, 40, certiorari denied 330 U.S. 848, 67 S.Ct. 1091, 91 L.Ed. 606, and the many citations there found.

that which could have and should have been appealed to the Emergency Court of Appeals.

 As a practical necessity, the enforcement procedure could not be other than in the hands of the local courts, but this situation does not relieve one who considers himself aggrieved from following the proper although narrow avenue of review. As stated by Mr. Justice Rutledge in Bowles v. Willingham,[12] "Accordingly, by declining to take the plain way opened to her, more inconvenient though that may have been, and taking her misconceived remedy by another route, she has arrived where she might well have expected, at the wrong end."[13]

 Appellee contends that she attacks not the validity but the "applicability" of the order. This obviously must fail since the order was explicit in its terms and specifically directed to the appellee.[14]

The judgment appealed from is accordingly reversed and the cause remanded with directions to enter judgment against appellee in the sum of $600, this being the amount of the overcharges.

STEPHENS, Circuit Judge, did not participate in the decision.

---

[12] Supra note 6, 321 U.S. at page 527, 64 S.Ct. 653, 88 L.Ed. 892.

[13] As we stated in Fleming v. Dashiel, 9 Cir., 1947, 161 F.2d 612, 613: "It may very well be, as appellee contends, and as the court below found, that appellee is in fact the transferee * * * and in that event, Order 4411 is invalid, but if this is to be established as a fact such a determination is exclusively the province of the Emergency Court of Appeals upon a proper challenge to the validity of the Order." See also cases cited and comment in note 2, page 613 of 161 F.2d.

As said by the Supreme Court in Woods v. Stone, 1948, 333 U.S. 472, 474, 68 S. Ct. 624, 625, 92 L.Ed. 815: "No question is raised, and none could have been raised in this proceeding, as to the validity of the relevant regulations and the refund order, either on the ground of retroactivity or otherwise, because any challenge to the validity of either would have to go to the Emergency Court of Appeals."

For other decisions of this Circuit see: Martini v. Porter, 9 Cir., 1946, 157 F.2d 35, 40, certiorari denied 330 U.S. 848, 67 S.Ct. 1091, 91 L.Ed. 606; Bowles v. Wheeler, supra, note 5; Bowles v. Case, 9 Cir., 1945, 149 F.2d 777; Rosensweig v. United States, 9 Cir., 1944, 144 F.2d 30, 33; Taylor v. United States, 9 Cir., 1944, 142 F.2d 808, 817. But cf., Bowles v. Griffin, 5 Cir., 1945, 151 F.2d 458, 460; Bowles v. Nu-Way Laundry Co., 10 Cir., 1944, 144 F.2d 741, 746; Gordon v. Bowles, Em.App.1946, 153 F.2d 614, and cases cited page 615; Noble v. Ricker, 10 Cir., 1948, 165 F.2d 983.

[14] Fleming v. Phoenix Chair Co., 7 Cir., 1948, 168 F.2d 3, 6-7.