Asociación de Distribuidores de Televisores y Radios de Puerto Rico, Petitioner, *v.* Economic Stabilization Administration, Respondent.

No. 11298.   Resubmitted December 11, 1957.—Decided March 30, 1959.

*César A. Montilla* and *Jorge Benítez Gautier* for petitioner.
*Juan Tomás Peñagarícano* for respondent.

Mr. Justice Serrano Geyls delivered the opinion of the Court.

On September 21, 1953, the Economic Stabilization Administration issued an "Order" directing "every person who introduces in Puerto Rico, for sale, television sets," to

furnish, within the following 20 days, certain information on the prices of such sets.[1]  It was announced in the order that the Administration proposed to regulate the prices of those sets.  On October 16 of that year Asociación de Distribuidores de Televisores y Radios de Puerto Rico filed in the Superior Court, San Juan Part, a complaint against the Administration entitled "Declaratory Relief."  It alleged that there existed a conflict between the parties as to the interpretation of Act No. 228 of May 12, 1942, as amended (23 L.P.R.A. §§ 701–46), it being alleged by the Administration that television sets were "staple commodities" and, consequently, subject to price regulation (§ 3(a) of the Act), while the Asociación maintained that they were luxury articles and, consequently, exempt from regulation.  The petitioner prayed the court to rule "that its interpretation of the statute is correct and, hence, that the respondent is without legal power to fix maximum prices for television sets."  The Administration answered raising the same question but praying, naturally, that the court make a ruling contrary to that prayed for in the complaint.

On January 20, 1954, the Superior Court rendered judgment declaring:

"1. That the Economic Stabilization Administrator has power to regulate any article for use and consumption once he has determined that such article is a staple commodity.

---

[1] "Section 9.— .  .  .  .  .  .  .

"(b) The Administrator is further authorized, personally or by his delegates, by regulation or order, to require any person engaged in a business involving staple commodities to furnish, under oath or otherwise, such information, and to keep and maintain such records and other documents, and to make such reports, as may be necessary to effectuate the purposes of this Act, and he may further require such person to permit the inspection and copying of his records, inventories, and other documents.  The Administrator may take declarations under oath either personally or through his delegates, and he shall have power, when necessary, to issue subpoenas for the attendance of witnesses and the presentation of books and other documents."  (23 L.P.R.A. § 740.)

"2. That the Administrator of the Economic Stabilization of Puerto Rico has power to declare that television sets are staple commodities, pursuant to the power vested in him by § 3 (a) of Act No. 228 of May 12, 1942."

A few days later the petitioner appealed to this Court. It maintains that the lower court erred in holding that the Administration may determine that television sets are "staple commodities." We need not consider this issue because it clearly appears from the record that the Superior Court had no jurisdiction to render judgment on the merits of this proceeding and neither has this Court. This is so because §§ 11 and 12 of Act No. 228 of 1942 (23 L.P.R.A. §§ 742 and 743) provide a procedure for judicial review in these cases, which is the only one which may be resorted to for such purposes. That procedure was not followed in this appeal.

The applicable provisions are the following:

"Section 11.— (a) Within the ten (10) days following the promulgation of any regulation or order, or of any price-schedule, any person directly subject to the provisions of such regulation or order, or of such price-schedule, may, in accordance with regulations prescribed by the Administrator, file an application for reconsideration setting forth his objections to any such provisions, accompanying same with affidavits or other written proof in support of such objections. Any person subject to the provisions of any regulation or order, or of any price-schedule, may file such application for reconsideration at any time after the expiration of the said ten (10) days, based solely on grounds originating subsequent to the expiration of the said ten (10) days. Within a reasonable period after the filing of any application for reconsideration under this Section, but in no case after thirty (30) days from the filing thereof, and forty (40) days after the promulgation of the regulation, order or price-schedule, the Administrator shall decide such application for reconsideration, fix a date for the hearing thereof, or provide an opportunity to introduce additional evidence in connection therewith; *Provided,* That every public hearing to be held, shall be duly advertised in one or more newspapers of general circulation in the Commonwealth. In case the Adminis-

trator dismisses, in whole or in part, any application for reconsideration, he shall notify the petitioner of the grounds for his decision, and of the data and facts of which the Administrator has taken official notice.

"     .          .          .          .          .          .          .          .

"Section 12.— (a) Any person aggrieved by the dismissal, in whole or in part, of his application for reconsideration may, within the ten (10) days following the entry of notice of such dismissal, file a petition with the San Juan Part of the Superior Court setting forth his objections and praying that the regulation or order, or the price-schedule protested, be revoked in whole or in part. A copy of such petition shall be served on the Administrator, who shall certify and file with the court a transcription of such part of the proceedings in connection with the application for reconsideration as may be pertinent to the petition. Such transcription shall include a statement, insofar as possible, of the economic data and other facts of which the Administrator has taken official notice. *The Court shall have exclusive jurisdiction,* upon the filing of such petition, to revoke such regulation, order, or price-schedule, in whole or in part, or to dismiss the petition, or to remand the proceedings; *Provided,* That the regulation, order, or price-schedule may be modified or rescinded by the Administrator at any time, notwithstanding the pendency of such petition. No objection to a regulation or order, or to a price-schedule, and no evidence in support of any objection thereto, shall be considered by the Court unless such objection has been stated by the petitioner in the application for reconsideration, or unless such evidence forms a part of the transcription. If the Court is moved by any of the parties for permission to introduce additional evidence which was offered to the Administrator and not admitted, or which could not have been reasonably offered to the Administrator, or included by the Administrator in the proceedings, and the Court determines that such evidence must be admitted, it shall direct that the evidence be presented to the Administrator. The Administrator shall admit same, as well as any other evidence he may deem necessary or proper, and he shall certify and file with the Court a transcription thereof, as well as any modification made to the regulation or order, or to the price-schedule as a result thereof; unless at the request of the Administrator such evidence is presented directly to the Court.

"(b)  No regulation, order, or price-schedule shall be revoked in whole or in part unless the petitioner shows and establishes to the satisfaction of the Court, that the regulation, order or price-schedule is contrary to law, or is arbitrary or capricious. The effectiveness of a judgment of the Court revoking in whole or in part any regulation, order, or price-schedule shall be postponed until the expiration of thirty (30) days from the entry thereof, unless a petition for a writ of certiorari is filed with the Supreme Court of Puerto Rico within such thirty (30) days, in which case the effectiveness of the judgment shall be postponed until an order of the Supreme Court dismissing such petition of certiorari is entered and becomes final, or until final disposition of the case is made by the Supreme Court.

"         .      .      .      .      .      .      .

"(d)  Within ten (10) days after entry of judgment or interlocutory or final order by the Superior Court, a petition for a writ of certiorari may be filed in the Supreme Court of Puerto Rico, which petition shall be conducted in the manner prescribed by the law in the matter.  The Supreme Court shall preferentially fix a date for the hearing of, and shall decide with the utmost possible speed, all appeals established for these purposes. *The Superior Court and the Supreme Court of Puerto Rico, when reviewing judgments and orders of the Economic Stabilization Administrator, shall have exclusive jurisdiction to determine the validity of any regulation or order, or any price-schedule, and of any provision of such regulation or order, or price-schedule.  Except as provided in this Section, no court shall have jurisdiction or power to consider the validity of any regulation or order, or any price-schedule, or to suspend, restrain, or prevent by injunction, or revoke or annul in whole or in part, any provision of sections 731–745 of this title authorizing the promulgation of such regulations or orders, or to prevent the effectiveness of a price-schedule or of any provision of any such regulations or orders or price-schedules, or to issue a writ of injunction to restrain the effectiveness and application of any such provision."*   (Italics ours.)

As will be noted, the lawmaker took great pains in outlining a complete and detailed procedure to review "any regulation or order, or any price-schedule" issued by the Administration, and expressly pointed out that that was the only

way in which a court could have "jurisdiction or power to consider the validity of any regulation or order, or price-schedule." In *Ruiz* v. *District Court*, 71 P.R.R. 358, 362 (1950), we said: ". . . the rules, orders or price-schedules issued by the Administrator may be only attacked by the persons directly subject to its provisions under the specific and conclusive procedure prescribed by § § 11 and 12 . . . and that said rules, orders or price-schedules can not be attacked in an injunction within a criminal proceeding or in any other manner." In *People* v. *Superior Court*, 79 P.R.R. 719, 721, 722 (1956), we reaffirmed that holding pointing out that the procedure prescribed by the law is "specific and exclusive," and that the "judicial review of such regulations, orders, and price-schedules may be granted only in accordance with the . . . provisions of § 12." *Cf. Mari* v. *Vicéns*, 67 P.R.R. 442, 443 (1947); *Yakus* v. *United States*, 321 U.S. 414 (1944).

This rule can not be altered by the fact that the Act providing for a declaratory judgment stipulates that the latter may be rendered even when there exists another adequate remedy. Section 1 of Act No. 47 of April 25, 1931 (32 L.P.R.A. § 2991); Rule 57 of the Rules of Civil Procedure of 1943 (32 L.P.R.A. App., R. 57); Rule 59 of the Rules of Civil Procedure of 1958 (32 L.P.R.A., Cum. Supp. 1958, p. 145); *Llópiz* v. *Arburúa*, 72 P.R.R. 496, 499 (1951). In the first place, the determination of exclusiveness of § 12 of Act No. 228 does not recognize such exception. Consequently, the question has been "removed from the judicial sphere so that dismissal of the declaratory proceeding should be automatic." *Developments in the Law—Declaratory Judgments*, 1941–1949, 62 Harv. L. Rev. 787, 811 (1949); 1 Anderson, Actions for Declaratory Judgments 187 (1951); 3 Davis, Administrative Law Treatise 309, 420–21 (1958); Borchard, Declaratory Judgments 342–46 (1941); *Black* v. *Utter*, 190 S.W.2d 541, 542 (Ky. 1945); *Laub* v. *Willis*, 53 N.E.2d 530,

535–36 (Ohio 1943); *Williams* v. *Tawes*, 17 A.2d 137, 139 (Md. 1941); *Samett* v. *Reconstruction Finance Corporation*, 165 F.2d 605, 606 (10th, Cir. 1948), *cert denied*, 334 U.S. 812 (1948); *Public Service Commission of Utah* v. *Wycoff Company, Inc.*, 344 U.S. 237, 246–47 (1952). In the second place, this is not a simple question of name or label,[2] or of inconsequential technicalities, but, on the contrary, there are fundamental differences between the procedure provided by Act No. 228 and that which governs the declaratory remedy. The former provides for a limited judicial review before the San Juan Part of the Superior Court, after the administrative remedies[3] have been exhausted and on the basis only of the record of the proceedings had before the Administration. The court can not pass on any objection which the petitioner has not stated in the application for reconsideration which the law requires be submitted to the administrative agency. The administrative action can not be revoked "in whole or in part unless the petitioner shows and establishes to the satisfaction of the court that the rule, order, or price-schedule is contrary to law, or is arbitrary or capricious." The judgment of the Superior Court is subject to review by the Supreme Court by certiorari.[4] Obviously, this proceeding is

---

[2] See *Debién* v. *Board of Accountancy*, 76 P.R.R. 91, 96 (1954); *Concepción* v. *Board of Accountancy*, 80 P.R.R. 190, 191, footnote 1 (1958).

[3] In this case the record does not disclose that reconsideration of the order was sought, as required by § 11. Such omission by itself might constitute sufficient reason for the annulment of the judgment on the ground that the administrative remedies were not exhausted. See *Amenguar* v. *Industrial Commission*, 49 P.R.R. 10, 11 (1935); *Rodríguez* v. *Industrial Commission*, 61 P.R.R. 215, 217 (1942); *Levers* v. *Anderson*, 326 U.S. 219, 222–23 (1945); 3 Davis, *op. cit. supra* at 100–06; *cf. Aircraft and Diesel Corporation* v. *Hirsch*, 331 U.S. 752 (1947); *Macauley* v. *Waterman S. S. Corp.*, 327 U.S. 540 (1946); *Myers* v. *Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51 (1938). In this case no averment of unconstitutionality of the law or of the order was made, nor does it appear from the law or from the record that the administrative or judicial remedies are inadequate or were not available. 3 Davis, *op. cit. supra* at 74, 81, 97–100, 309, and cases cited.

[4] See § 14(*d*) of the Judiciary Act, as amended by Act No. 115 of June 26, 1958 (Spec. Sess. Laws, p. 279).

entirely different from the ordinary proceeding of our civil procedure, which governs the declaratory judgment. As Gellhorn and Byse wisely point out: "In considering the problem of the proper method of obtaining judicial review of administrative action, one must be constantly aware of the place of statutes in defining both the character and the scope of judicial activity. . . . The variety of interests to be protected may call for different time intervals and other aspects of the review procedure, or may call for special definitions of the degree of finality of the administrative decision, or may dictate the naming of special courts to receive all appeals so that uniformity of court decisions in this or that particular field may be assured.

"  .       .    .    .    .    .    .    .    .

"Only after it is clear that no legislative disposition of the appropriate procedure has been made may one with safety think in such general terms as *injunction, habeas corpus, mandamus, etc.* For where the statute has indicated the methods by which and the circumstances in which administrative action is to be subjected to the scrutiny of judges, the use of other devices for securing judicial examination is not likely to be permitted by the courts." Administrative Law, Cases and Comments 324–25 (1954).

█ Lastly, it is well to clarify that the acquiescence of the Administration in this proceeding does not validate the actions of the Superior Court. It is known that the consent of the parties does not vest a court with jurisdiction which for other reasons it lacks.[5] *People* v. *District Court,* 74

---

[5] In view of our decision on the question of jurisdiction, we need not pass upon the other two questions which arise from this appeal: First, whether or not Asociación de Distribuidores de Televisores y Radios de Puerto Rico is "a person directly subject to the provisions of [a] regulation or order, or of such price schedule," who may therefore apply for judicial review of the administrative action; and, second, whether or not this proceeding became moot as of August 8, 1958, when the Administrator issued an "Order" setting aside "Price Regulation No. 5 of Television Sets." We took judicial notice of that order under the authority of § 3 (*g*) of Act No. 228 (23 L.P.R.A. § 734).

P.R.R. 783, 803 (1953); *Román* v. *Municipal Court*, 59 P.R.R. 483, 488 (1941); *Santana* v. *Salinas*, 54 P.R.R. 109, 113 (1939); *United States* v. *Griffin*, 303 U.S. 226, 229 (1938); *Federal Trade Commission* v. *Claire Furnace Co.*, 274 U.S. 160, 174 (1927); *Woodmen of the World Life Ins. Ass'n* v. *Federal Communications Commission*, 99 F.2d 122, 123 (D.C. Cir. 1938); *Lidke* v. *Brandt*, 150 P.2d 399, 400 (Wash. 1944); *Wiles* v. *Department of Labor and Industries of State*, 209 P.2d 462, 467 (Wash. 1949); *Pennsylvania Commercial Drivers Conference* v. *Pennsylvania Milk Control Commission*, 62 A.2d 9, 13 (Pa. 1948).

The judgment sought to be reviewed will be set aside and the complaint is dismissed for lack of jurisdiction.